No. 95.—NATHAN BASS, plaintiff in error, *vs.* ABSALOM STE-
VENS *et al.* defendants.

[1.] A plea to the jurisdiction being a dilatory plea, must be verified.

*Certiorari*, from Floyd Superior Court.   Decision by Judge
TRIPPE, December Term, 1854.

The point presented by this record is whether, in a Justice's
Court, when a plea to the jurisdiction is filed, setting forth that
defendant does not reside in the district, it is necessary that
the plea be sworn to.

The Court below held, on *certiorari*, that such a plea can-
not be filed except on oath; and this decision is alleged as
error.   The point arose in an action brought by Absalom Ste-
vens against Nathan Bass, in a Justice's Court, who pleaded
non-residence, but did not swear to the plea.

Judgment being given against him in the Justice's Court,
Bass sued out a *certiorari* to the Superior Court, which *cer-
tiorari* was dismissed.

It was admitted, in the Superior Court, that Bass did not
reside in Floyd County, but that the point was not raised in
the Justice's Court, otherwise than by filing the plea.

PRINTUP, for plaintiff in error.

UNDERWOOD, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This is a *certiorari* originating in the 962d district, G.
M.   Two questions have been discussed, one only of which we
hold is legitimately made upon the record.   Counsel insists
that the account was not sufficiently proven.   No objection of
this kind was taken on the trial.   Neither is this ground con-
tained in the notice which the defendant gave to the plaintiff,

of his intention to apply for a *certiorari*. It comes, therefore, too late.

But concede that this point is properly made. The return of the Magistrate is as broad as the exception. The complaint is, that the demand was not sufficiently proven. No defect in the proof is specified. The return of the Justice certifies that it was sufficiently proven. If the return was too general, it should have been excepted to and the Magistrate required to answer over.

The only assignment then is, that the Court rendered a judgment without having jurisdiction of the person of the defendant. The facts are, that Bass was served, appeared at the docketing term and filed a plea that he was not a resident of Floyd, but of Bibb County. The plea was not sworn to. At the trial term, without resistance, the Court awarded judgment to the plaintiff. It could not do otherwise. The plea to the jurisdiction being a dilatory plea, had to be verified. It was not; and for this reason, the Circuit Court dismissed the *certiorari;* and we cannot do otherwise than affirm the judgment.