## THE WESTERN AND ATLANTIC RAILROAD *vs.* THE STATE OF GEORGIA *et al.*

[ JACKSON, Chief Justice, being disqualified, Judge TOMPKINS, of the Eastern Circuit, was appointed to preside in his stead in this case,]

1. An application for the writ of *quo warranto* is not such a suit as in which there are appearance and trial terms of court, but such an application is for hearing as causes at the trial terms thereof.

2. A judgment overruling a demurrer to an application for the writ of *quo warranto* is not such a final disposition of the cause as from which a bill of exceptions can be taken directly to this court.

3. The policy of the law in this state being that such extraordinary writs as *quo warranto*, mandamus and prohibition should be determined as speedily as possible, all objections to the rulings of the court upon motion or demurrers may be taken advantage of by assigning them as error in a general bill of exceptions tendered after the final judgment upon the whole case.

4. If the final decision or judgment in a *quo warranto* case is rendered in the court below, while this court is in session, then the bill of exceptions shall be tendered and signed within ten days after such final determination of the cause. And if this court should not be in session when such final decision or judgment is rendered, then the bill of exceptions shall be tendered, and signed within twenty days thereafter.

5. A bill of exceptions *pendente lite* to the decision of the judge overruling the demurrer in a *quo warranto* case need not be tendered

by the defendant; and a general bill of exceptions tendered to such decision should not be signed by the judge. But where the judge does sign such general bill of exceptions, he thereby sends the whole case out of his jurisdiction into this court, and has no kind of authority over the cause until remitted from this court back to the court below.

6. The bill of exceptions pending in this court, taken from the judgment overruling the demurrer in the *quo warranto* application, is improperly here; and that bill of exceptions, as well as this application for the writ of prohibition, must be dismissed.

November 7, 1882.

*Quo Warranto.* Practice in Superior Court. Practice in Supreme Court. Before Judge WILLIS. Fulton County. At Chambers. August 26, 1882.

Reported in the decision.

JULIUS L. BROWN; JAMES M. SMITH; J. B .CUMMING; A. R. LAWTON, for movant.

CLIFFORD ANDERSON, attorney general; R. F. LYON; HENRY JACKSON, contra.

TOMPKINS, Judge.

This is an original petition for a writ of prohibition to be issued by this court, at the relation of the Western and Atlantic Railroad Company against Hon. J. T. Willis, judge of the Chattahoochee circuit, to prevent him from proceeding with the trial, in Fulton superior court, of a *quo warranto* proceeding brought to that court by the state of Georgia, *ex relatione* the attorney general of this state, to forfeit the charter of the company incorporated under the laws of Georgia as the Western and Atlantic Railroad Company. The facts connected with and leading up to the case before the court are as follows:

On the 24th of October, 1870, the general assembly of Georgia passed a law, entitled "an act to authorize the lease of the Western and Atlantic Railroad Company, and

for other purposes," which said railroad running from At-
lanta, in this state, to Chattanooga, in the state of Ten-
nessee, was, and is, the property of the state of Georgia.
On the 27th of December, 1870, the terms of the lease
were agreed upon by the then governor of Georgia, and
twenty-three persons therein named, who became the
lessees, "and said persons then, and from that time, be-
came a body politic and corporate, under the name and
style of the Western and Atlantic Railroad Company,"
the bond having been given and the other conditions of
the lease act being complied with to the satisfaction of
the governor.   The lease to be in force for twenty years.

On the 28th of September, 1881, the general assembly
of Georgia, by resolution, requested the governor to sub-
mit the bond given by the company, and all the papers
and evidence connected therewith, or relating thereto, to
the attorney general of the state, with instructions for
him thoroughly to examine into the same, and report to
the governor.   This was done, and resulted in the said
*quo warranto* proceedings being instituted in said superior
court of Fulton county, on the 5th of August, 1882.   The
defendant in that proceeding, the Western and At-
lantic Railroad Company, being duly called on to
show cause, appeared, and on the 23d of August,
1882, before the Hon. J. T. Willis, judge of the Chatta-
hoochee circuit, (the judge of the Atlanta circuit being
disqualified), made and filed a motion in writing to set
aside the order in the nature of a rule *nisi*.   After argu-
ment on this motion, the court, on the 24th of August,
1882, overruled it.   The Western and Atlantic Railroad
Company then filed its demurrer to the said *quo warranto*
proceeding, on various grounds; and after argument,
the demurrer was also overruled on the 26th of Au-
gust, 1882.   To the overruling of said demurrer, the
said company, on the said 26th of August, 1882, made
and tendered a bill of exceptions to such judgment, upon
the ground that if the demurrer had been sustained, it

would have been a final determination of the cause in favor of the defendants in the *quo warranto* case. The judge presiding refused to sign the bill of exceptions, but did sign a bill of exceptions *pendente lite*, which the defendant tendered in lieu of the bill of exceptions so refused to be signed. The judge then drew a jury to try the case, the defendants filed an answer, and the cause was put for trial on the 14th of September, 1882.

On the 14th of September, the said judge had concluded to sign the bill of exceptions before refused, and made the cause returnable to the February term, 1883, of this court. This bill of exceptions was then filed in the clerk's office, bond was given by the defendant railroad company, in accordance with §4263 of the Code, to supersede the judgment below, and the case was duly sent up to this court within twenty days thereafter, where it is now pending, the clerk having put it for trial on the docket of the Atlanta circuit for this, the September term, 1882, on the 27th day of that month, some days after the term had begun.

The said judge, Hon. J. T. Willis, again set the *quo warranto* case down for trial, after having signed the bill of exceptions, the case to be heard on the 16th of October, 1882, on its merits, before a jury. To prevent that hearing, the railroad company came before this court on the 14th of October, 1882, and obtained a rule *nisi* prohibiting the hearing of the case in the superior court of Fulton county on the 16th of October, and calling on the said J. T. Willis, judge, etc., to show cause why the writ of prohibition should not issue as prayed for, and ordering that all further action on the *quo warranto* case in the court below be stayed until the hearing in this court upon the bill of exceptions filed to the overruling of the demurrer as aforesaid.

The said J. T. Willis, judge, etc., filed his answer in this court on the 16th of October, 1882, substantially admitting the facts as shown by the petition for writ

of prohibition, but expressing the opinion that the bill of exceptions to his judgment overruling the demurrer, tendered to him on the 26th August, and finally signed by him on the 14th of September, 1882, ought not to have been signed, but that it was signed in order to give defendants in the *quo warranto* case the benefit of any doubt there might be ; and also expressing the opinion that no bill of exceptions, such as was tendered to him and finally signed by him, could, at that stage of the proceedings, have the legal effect to suspend or postpone the further hearing and trial of said cause.

No question has been made on either side as to any effect of the postponement of the signing of the bill of exceptions by the said judge; but it has been treated as if he had signed it the day it was tendered, which was the date of the overruling of the demurrer, and had been transmitted to this court within twenty days from that date.

This prohibition case coming on for argument, the counsel for respondent moved the court to dismiss the application upon two grounds : (1.) Because this court, as an appellate court, had no jurisdiction to hear and determine writs of prohibition. (2.) Because the bill of exceptions to the overruling of the demurrer to the *quo warranto* proceedings was obnoxious to the objections set forth against it in the answer of respondent ; and, as it should be dismissed from this court, the application for prohibition must also go out of court. No ruling was made on these motions, and the court directed all the issues to be argued together. This has been most ably and carefully done by counsel on both sides ; and the court has derived great advantage from the presentation of the cause by counsel, as it likewise has from the very elaborate and valuable written argument and brief of Mr. Julius L. Brown, of counsel for the relator.

The legal issues which are thus presented in this case will be considered in the following order :

(1.) As to the jurisdiction of this court to issue and enforce writs of prohibition.

(2.) As to the right of the Western and Atlantic Railroad Company to bring directly up to this court, by general bill of exceptions, the judgment overruling the demurrer to the proceeding for *quo warranto*; and,

(3.) As incidental to this right, the proper disposition to be made of the bill of exceptions pending in this court, taken from the judgment on demurrer, if such bill of exceptions was improvidently granted by the respondent in the application for writ of prohibition.

1, 2, 3, 4. As the writ of prohibition, even if this court has authority to grant it, could not be made available in this case, except upon the assumption that the bill of exceptions pending here from the judgment overruling the demurrer in the *quo warranto* case, is properly here, it does not become necessary to advert at any length to the question of jurisdiction. One member of the court is of opinion that the writ would not lie from this court in any event. Another member is of opinion that it would lie in a proper case, wherein it was shown that "an inferior tribunal, or officer thereof," was about to disobey some order of this court, but that the facts contained in the records now before us would not call for such writ, even if the case, upon bill of exceptions to the overruling of the demurrer in the petition for *quo warranto*, was legally in this court. The writer hereof is of opinion, that if such bill of exceptions to the said judgment on demurrer should be legally in this court, then the writ of prohibition should be granted, upon the ground that the signing of the bill of exceptions by the superior court judge, operating in law as a writ of error from this court, is not alone an order to the court below to send up the whole record in a specified case, but is also an order to the court below not to interfere, in any manner, with causes pending before this court.

Upon the controlling questions of this very interesting

and important case, the members of the court are in entire accord. We consider the application for the writ of prohibition as a branch and offshoot from the main *quo warranto* case of The State of Georgia *vs.* The Western and Atlantic Railroad Company, and as a method of defence resorted to by the railroad company to try the question of the forfeiture of chartered rights which they claim not to have been violated. While it is not now the province of this court to investigate the right of the state to resort to the writ of *quo warranto* as a means of forfeiting a charter, yet there can be no doubt that the pleadings in this cause, as disclosed by the records now before us, were such as to require in the court below, a judicial procedure conforming to the practice in application for writs of *quo warranto*; and it cannot be doubted that such practice must be in strict compliance with the statute law of this state, found in §§3204, 3205, 3206, 3207, 3208, 3213, 3214, and 3215 of the Code.

It is conceded that the decision upon the demurrer in the case of *quo warranto*, was made when the Supreme Court was not in session, and, therefore, we are of opinion that such part of §3206 did not apply, which requires the excepting party to bring the case to this court by tendering his bill of exceptions within ten days from such decision so excepted to. If the plaintiffs in error in that bill of exceptions had the right to bring that assignment of error directly to this court, it was then proper to do so in compliance with §3213, which fixed the time for the tendering and signing of the bill of exceptions within twenty days, as upon exception to the granting or refusing of injunctions. The position of counsel for the W. & A. R. R. Co., upon this point of the case, was totally untenable, wherein they contended that the bill of exceptions was to be returned to the next February term of this court.

By these statutes of Georgia relating to the writ of *quo warranto*, no appearance and trial terms of court are provided, but the obvious design of the legislature is, that

such a case shall be tried as speedily as possible. This celerity is to be observed, not only in the hearing and decision upon all points that may arise in the court below, before the judge or jury, but special provision is also made for the quick determination of all issues that may be legally brought before this court, by directing such cases to be placed upon the docket here as are cases of injunction. It would be an absurdity, too glaring for supposition, to fancy that the legislature would so concern itself to have the real merits of a *quo warranto* case so speedily brought to a determination, and yet so frame the law as to authorize the overruling of a demurrer to be made the instrument of delaying the matter for months.

That the overruling of a demurrer, properly filed and pressed and heard, in an ordinary action or bill in equity for which there are appearance and trial terms, can be brought directly to this court by bill of exceptions, appears to be settled. But we distinguish between such cases and a case arising on motion or demurrer to suspend or dismiss a writ of *quo warranto;* for which last case, there being no separate terms of court, and the policy of the law being that the real merits of the question involved should be speedily determined, it is considered that no bills of exceptions can be taken until after the final determination of the whole case; and that all errors complained of, from the beginning to the ending of such trial, can be taken advantage of by assignment in the general bill of exceptions, tendered at the final determination of the cause. The mere fact that a jury may have to be drawn and summoned after the hearing of a *quo warranto* has been so far entered upon as to show that there are facts in dispute, should no more conduce to delay the case, and send it to this court on exceptions to a motion or a demurrer overruled, than the fact that at the trial term of an equity cause, and before the panel of jurors shall be fitted up and struck, that such cause should be arrested and sent to this court upon exceptions to the re-

fusal of the judge to dismiss it on motion for want of equity in the bill. A demurrer may be heard at the trial term, but it must have been filed at the appearance term; or, if made afterwards, it must be made because of some amendment of the pleadings.

In §3456 of the Code it is said that, " no dilatory answer shall be received or admitted, unless an affidavit shall be made to the truth thereof, and must be filed at the first term." In 17 *Ga.*, 573, it is held that a plea to the jurisdiction of a court is a dilatory plea. So a motion to dismiss for want of jurisdiction, or of equity in a bill, or for errors apparent on the face of pleadings, when made at the trial term, being all dilatory in their nature, cannot, by an adverse ruling thereon, be made the means of bringing a cause directly to this court by bill of exceptions.

The conclusion of the court is, that the Western & Atlantic Railroad Company had no right to a writ of error to this court from the ·decision of Judge Willis overruling the demurrer to the *quo warranto;* and that the judge erred in signing the bill of exceptions on the 14th September, 1882, by which that case was transferred to this court. It follows, as a corollary to this ruling, that such bill of exceptions should be dismissed from this court; and the issue as to its being so dismissed was, as has been noticed, made in the pleadings by the answer of Judge Willis to the writ of prohibition. This application for prohibition is, at most, but an incident to the main case of *quo warranto*, which will now be relegated in its entirety to the superior court of Fulton county.

5. A single point remains to be disposed of before ending this opinion. However erroneous the action of Judge Willis in signing the bill of ·exceptions, and however commendable his purposes in so doing, yet, having so signed, the *quo warranto* case was quite as effectually beyond any further trial or hearing before him, or any other superior court judge, until passed upon in some way

by this court, as if it had been brought here with the greatest possible regularity and legality. The action of a circuit judge is to be effective in determining the legal status of a case before him, and not his opinions upon the necessity or legality of such action. In the eye of the law, the signing of the bill of exceptions was opera- tive as a writ of error from this court to take the cause out of the court below and put it here. And Judge Wil- lis, until this court should send the case back, had no power or jurisdiction over it.

6. The judgment of the court is, that the application for the writ of prohibition be denied and dismissed; and that the bill of exceptions, taken from the ruling of Judge Willis upon the demurrer, be also dismissed, and the cause of the Western & Atlantic Railroad Company, plaintiff in error, *vs.* State of Georgia, defendant in error, be trans- mitted back to the superior court of Fulton county.

Ordered accordingly.