### BACON & SONS *v.* JONES, n. p., etc.

Where a writ of prohibition has been applied for and granted in vacation, and the defendant takes no exception to the granting of the writ, and the case is returned to the superior court, and, the pleadings making a question of fact, the jury at the trial term return a verdict in favor of the defendant, a writ of error filed by the plaintiff to rulings of the judge pending the trial is an ordinary and not a " fast" writ of error.

Submitted July 1, — Decided August 7, 1902.

Motion to dismiss; and motion to transfer.

*William R. Leaken,* for plaintiffs.
*Beckett & Beckett,* for defendant.

SIMMONS, C. J.    In November, 1899, A. S. Bacon & Sons applied to the judge of the superior court for a writ of prohibition against a magistrate, seeking to prohibit him from exercising jurisdiction in a certain case.    The judge granted the writ, and to his action no exception was taken.    The case was regularly returned to the superior court, and in February, 1902, it was reached upon the docket and was tried before a jury upon the issues of fact made by the petition and answer.    Evidence was introduced by both parties.    The jury found for the defendant; whereupon the plaintiffs filed their bill of exceptions complaining of certain rulings as to the admissibility of evidence, and of the refusal of the judge to direct a verdict in their favor.    This bill of exceptions was not presented to the judge within twenty days after the trial of the case, but was presented within the proper time for an ordinary bill of exceptions.    When the case reached this court, the clerk placed it on the docket as a "fast" writ of error.    When it was reached in its order in this court, the defendant in error moved to dismiss the writ of error, on the ground that the bill of exceptions had not been sued out within the time prescribed for "fast" writs of error.    The plaintiffs in error, on the other hand, moved to transfer the case to the docket of the next term, on the ground that it was not a "fast" writ of error but an ordinary one.    These motions are in order for consideration, but of course we can not now consider the merits of the case.

Prior to 1870 every such case brought to this court came up under the general law, which required a bill of exceptions to be signed and certified within thirty days from the adjournment of the court. In 1870 the legislature enacted that in cases of application for injunction and the granting or refusing of the same, in applications for the appointment of a receiver or other extraordinary remedy in equity, the dissatisfied party might bring the case to this court within ten days thereafter.    Subsequently this time was increased to twenty days.    The terms of this act show plainly that it applied to interlocutory and not to final judgments.    The provisions of the act were afterward extended to other cases including those in which complaint was made of the granting or refusal of temporary ali-

mony, the granting or refusal of attachments against fraudulent debtors, applications for the discharge of the defendant in bail-trover proceedings, applications for mandamus absolute, quo warranto, and to all criminal cases. Each of the acts thus extending the act of 1870 applied to interlocutory judgments, or to judgments rendered without the verdict of a jury, except the acts relating to mandamus, to quo warranto, and to criminal cases. These latter acts, by their very terms, applied to final judgments after a trial before a jury. The writ of prohibition has never been expressly made by the legislature a case for a "fast" writ of error. It becomes so only by the adoption of the present code, in which it is embraced in the words "or other extraordinary remedy" (Civil Code, § 5540) as follows: "In all cases where an application for an injunction or receiver is granted or refused; in all applications for discharge in bail-trover and contempt cases; granting or refusing application for alimony, mandamus, or other extraordinary remedy; the granting or refusing an application for attachment against fraudulent debtors; and in all criminal cases, the bill of exceptions shall be tendered and signed within twenty days from the rendition of the decision," etc. In this section the codifiers seem to have undertaken to consolidate all of the cases for "fast" writs of error, including within one section cases in which there was a "fast" writ of error from interlocutory judgments, and also cases in which the legislature had provided for a "fast" writ of error even after final trial.

Considering the history of the legislation upon this subject, we can not conceive that it was intended to make "fast" the writs of error in all the cases mentioned, whether the judgments were interlocutory or final. We can not conceive that it was intended, by placing all these cases in one section, that a case in which there was an application for an injunction or receiver, which had never been passed upon by the judge at chambers but had gone its regular course to final trial before a jury and in which the injunction or receiver was granted or refused, should come to this court by a "fast" writ of error; nor that it was intended that on the final trial of a divorce case, where the jury awarded permanent alimony, exceptions to the decree could be brought up by a "fast" writ of error. Nor would such a writ of error lie in case of a final judgment in an attachment proceeding against a fraudulent debtor. The enumeration in the code section would seem, therefore, not to

change the existing law as to any cases which had been made "fast" writ of error cases by an act of the legislature. An examination of the statutes shows that the legislature has never enacted a law applying the provisions as to "fast" writs of error to writs of prohibition, as it did to mandamus and criminal cases. By the act of 1870 these provisions were applied to applications for injunction or receiver "or other extraordinary remedy *in equity.*" As the writ of prohibition is not an equitable remedy, it of course was not included within the act of 1870. The codifiers in 1895 struck out the words "in equity," leaving the provision to apply to "other extraordinary remedy." Invoking the history of the legislation upon these subjects, we find that there were but three classes of cases which the legislature provided should be brought to this court by "fast" writ of error after final trial before a jury: criminal cases and applications for mandamus absolute or quo warranto. And quo warranto cases are not required to be returned or tried during term. All the other legislation upon the subject referred to judgments and decrees rendered at chambers or on final trial without a jury. It was never contemplated by the legislature, nor has it ever been the practice of the courts, that upon final trial of an equitable petition seeking an injunction or the appointment of a receiver, attachments against fraudulent debtors, the granting of permanent alimony, it should be proper to bring the cases to this court in any other than the usual and ordinary way. If a "fast" writ of error is not proper in these cases, why should it be held necessary upon the final trial of a writ of prohibition? We think that the legislature did not so intend when the Code of 1895 was adopted. In the codification of the laws it is almost impossible to go into all the details of the different statutes codified. Where the code sections are incomplete or ambiguous, they must be construed in connection with the original acts. Resorting to this rule we have this day held that a writ of error to the granting of a mandamus absolute must be brought as a "fast" writ, because the act expressly so provided. See *Holder* v. *Jelks*, ante, 134. And so with regard to quo warranto and criminal cases. With regard, however, to other cases mentioned in section 5540, there is no act requiring a final judgment, rendered at a regular trial before a jury, to be brought up in this manner. We therefore conclude that this bill of exceptions was properly certified. Nothing herein said conflicts

with the ruling in *Mayor etc.* v. *Grayson*, 104 *Ga.* 105, as, though the case arose upon an application for a writ of prohibition, the judgment was interlocutory and not final. The present case will be transferred to the docket of the next term of the court, to be then heard in its order.

*Ordered accordingly. All the Justices concurring, except Lewis, J., absent.*