SAYER *v.* HARDING.

1. According to the express ruling in *W. & A. R. Co.* v. *State*, 69 *Ga.* 524, a judgment overruling a demurrer to an application for the writ of quo warranto is not a final disposition of the case, from which a bill of exceptions can be taken to this court.

2. In quo warranto proceedings a writ of error will not lie until there is a judgment of ouster or a final refusal to grant the writ.

Argued July 27, — Decided August 14, 1903.

Practice in the Supreme Court.

*Roberts & Hutcheson, B. G. Griggs,* and *J. S. James,* for plaintiff in error.  *Guerry & Hall, B. S. Willingham, W. A. James,* and *J. H. McLarty,* contra.

LAMAR, J.    Sayer demurred to Harding's petition for leave to file an information in the nature of a writ of quo warranto. He also answered.    The judge overruled the demurrer, and further held that the defendant had not shown cause why Harding was not entitled to a writ to inquire into defendant's title to the office; and thereupon directed that a jury should be summoned to try the issue of fact raised by the petition and answer.    The court has not decided that Sayer is entitled to the office, nor has he rendered a judgment of ouster.    Interlocutory orders on the demurrer, and directing a trial by jury, have been entered, but no final judgment has been rendered.    The case is still pending in the court below. This writ of error is therefore premature, under the express ruling of *W. & A. R. Co.* v. *State,* 69 *Ga.* 524, where it was held that extraordinary writs should be determined as speedily as possible, that all objections to rulings upon motions or demurrers may be taken advantage of in one bill of exceptions, tendered after the final judgment of the whole case, and that "a judgment overruling a demurrer to an application for the writ of quo warranto is not such a final disposition of the cause as from which a bill of exceptions can be taken directly to this court."    See also *Cutts* v. *Scandrett,* 108 *Ga.* 622 (1).

*Writ of error dismissed.    All the Justices concur*