IVEY *et al.* v. CITY OF ROME *et al.*

;EVANS, J.   1. The refusal of a judge to grant an ad interim restraining
order in advance of the time set for a hearing of an application for a
temporary injunction is not reviewable.  *Hollinshead* v. *Lincolnton,* 84
*Ga.* 590; *Mayor of Savannah* v. *Grayson,* 104 *Ga.* 108; *Smith* v. *Willis,*
107 *Ga.* 793.

2. A decree at chambers dismissing a petition on motion can not be re-
viewed by a "fast" writ of error.  *Jordan* v. *Kelly,* 63 *Ga.* 437.

3. If a bill of exceptions, properly sued out to the Supreme Court to review
a final judgment, be docketed as a "fast" writ of error, when in fact it
is not such, the case will not be dismissed, but will be transferred to the
docket of the next term.   *Jones* v. *Warnock,* 67 *Ga.* 484; *Bacon* v. *Jones,*
116 *Ga.* 136, 140.      *Ordered accordingly.   All the Justices concur.*

Argued October 20,— Decided November 16, 1906. .

-    Practice in the Supreme Court.

An election was held in East Rome, by virtue of an act of the
General Assembly, to decide whether East Rome should be annexed
to the City of Rome.   Ivey and others filed a petition against the
mayor and council of Rome to enjoin them from entering upon
the minutes of the city council the reported result of the election,
and from declaring by resolution or proclamation East Rome to·
be a part of the City of Rome.   The petition was returnable to the
January term, 1907, of the superior court òf Floyd county.   The
judge refused a restraining order, but granted a rule nisi for a
hearing on September 26, 1906.   On that day the court dismissed
the petition, on the ground that the court was without jurisdiction
of the subject-matter of the petition.   To the order of dismissal
the petitioners sued out a bill of exceptions, assigning as error the·
refusal of the court to grant a restraining order when the petition
was presented, and the dismissal of the petition before the return
term of the case.   The case was docketed in the Supreme Court
as a "fast" writ of error, at the instance of the complaining parties.

*Henry Walker,* for plaintiffs.

*John W. & G. E. Maddox,* for defendants.