## WALKER *v.* NORRIS.

PER CURIAM. According to the ruling made in *Western & Atlantic Railroad Co.* v. *State,* 69 *Ga.* 524, which was followed in *Sayer* v. *Harding,* 118 *Ga.* 642 (45 S. E. 418), a judgment overruling a demurrer to an application for the writ of quo warranto is not a final disposition of the case, from which a bill of exceptions can be taken directly to this court.

2. Under the rulings made in the cases above cited, the bill of exceptions in the present case was prematurely sued out, and therefore the writ of error must be dismissed; but inasmuch as such rulings seem to constitute an exception to the general practice that a bill of exceptions will lie in a case "when the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause," leave is granted, on motion of counsel for the plaintiff in error, to have the official copy of the bill of exceptions, of file in the office of the clerk of the superior court, recorded there as an exception pendente lite.

*Writ of error dismissed with direction.* / *All the Justices concur.*

MAY 11, 1910.

Quo warranto; from Johnson superior court. Before Judge Rawlings. November 11, 1909.

*Hines & Jordan,* for plaintiff in error.

*William Faircloth* and *E. L. Stephens,* contra.