## CARTER *v.* GABRELS, sheriff.

Where a person instituted habeas-corpus proceedings to secure the release of one confined in jail, alleging that his detention there was illegal because the commitment was illegal and void, being based upon a warrant which itself was defective and void, and upon the hearing of the habeas-corpus case the trial judge refused to order the discharge of the person from custody but remanded him to jail, and a writ of error to this order was sued out, the same will be dismissed where it appears that, subsequently to the order complained of, the person was indicted by the grand jury of the county for the same offense for which he had been committed, and upon giving bond had been released from custody; although a decision in the case would determine which of the parties to the habeas-corpus proceedings was liable for costs.

APRIL 13, 1911.

Habeas corpus. Before Judge Kimsey. Habersham superior court. November 8, 1910.

*J. C. Edwards,* for plaintiff.   *I. H. Sutton,* for defendant.

BECK, J. Jim Carter instituted habeas-corpus proceedings, alleging that he was illegally restrained of his liberty by J. N. Gabrels, sheriff and jailor of Habersham county, and that he was being confined in the common jail of that county under and by virtue of a pretended commitment, which was based upon a warrant which was void because of certain irregularities pointed out in the petition. Petitioner also contended that the commitment was void on its face, on the ground that it failed to "set forth any offense against the laws of the State of Georgia," and prayed an examination into the cause of his detention. Gabrels filed his answer to the petition. Upon the hearing the court remanded petitioner to the custody of the sheriff, and ordered that he be admitted to bail in the sum of $100. To this order petitioner excepted and sued out a writ of

12

error to this court. When the case was called for hearing in this court, the same being submitted on briefs, a motion to dismiss the writ of error was made by counsel for the defendant in error, upon the ground, that, since the hearing before the court below, the plaintiff in error had been indicted in the superior court of Habersham county upon the charges which constituted the basis of the commitment alleged in the habeas-corpus proceedings to be irregular and void, that he had been arrested under that indictment, that he had given bond, and the case below is now pending. A certified copy of the indictment and bond referred to were attached to the motion to dismiss. Counsel for plaintiff in error filed an answer to the motion to dismiss, but did not deny the material allegations contained in the motion. While it is plainly inferable from the motion to dismiss and the answer of counsel for plaintiff in error that the plaintiff in error had been released from custody, it was not expressly stated in the motion or in the answer that he had been so released; and this court passed an order, a certified copy of which was duly mailed to counsel for the plaintiff in error, directing that plaintiff in error or his counsel have ten days from the date of such order in which to make specific denial under oath of the facts alleged in the motion to dismiss, and that upon failure to make such denial the writ of error would be dismissed. The period of ten days within which plaintiff in error was allowed to make answer in response to the order referred to above has elapsed, and the answer has not been filed.

It is insisted in the answer to the motion to dismiss, as made by counsel for defendant, that the writ of error should not be dismissed, but that the question made in the bill of exceptions should be decided, inasmuch as upon the decision of the assignment of error for or against the plaintiff in error depends the question as to whether or not the plaintiff or defendant will be liable for costs. But this position of counsel for plaintiff in error is not tenable. Under the decision in the case of *Tabor* v. *Hipp,* 136 *Ga.* 123 (70 S. E. 886), it was held that a case would not be retained in this court for decision solely upon the ground that a decision of the case would determine the question as to which of the parties to the case here would be liable for the costs.

It is therefore ordered that the writ of error be dismissed.

*Writ of error dismissed. All the Justices concur.*