## SMITH *v.* SHAW *et al.*

ATKINSON, J. An action was instituted against a non-resident sojourning in this State, and certain other persons alleged to be purchasers from him under a contract by which the latter were paying the former large sums of money. The petition contained prayers for a money judgment against the alleged debtor, and for an injunction against all defendants in regard to payment of money ˚and disposition of stocks accruing to the debtor by virtue of the contract of purchase. On presentation to the judge the petition was sanctioned, restraining order granted, and rule issued, requiring defendants to show cause, etc., at the call of the motion docket on the first day of the term to which the action was returnable by law. Separate demurrers to the petition were filed, but nothing further was done until the next succeeding or trial term, at which time the case was heard· on demurrer. At this hearing the judge refused to allow an amendment offered by the plaintiff, and dismissed the petition in so far as it related to the alleged purchasers, and also in so far as it sought the injunction against the alleged debtor. Thereupon the plaintiff excepted to each of the several rulings, and tendered a bill of exceptions which was duly certified, returnable to the term of the Supreme Court then in session, assigning error. *Held:*

1. The decisions upon which error was assigned were not reviewable by a fast writ of error under the Civil Code, § 6153.

2. The bill of exceptions will be transferred to the docket of the Supreme

Court next ensuing after that to which it was transmitted while in session. *Ivey* v. *Rome,* 126 *Ga.* 806 (55 S. E. 1034).

*All the Justices concur.*

OCTOBER 30, 1912.

Petition for injunction, etc. Before Judge Bell. Fulton superior court. May 3, 1912.

*Burton Smith* and *L. Z. Rosser,* for plaintiff.

*Anderson, Felder, Rountree & Wilson* and *King & Spalding and Underwood,* for defendants.