PIKE *et al. v.* STILES, receiver.

No. 7238. FEBRUARY 26, 1930.

*W. M. Henry* and *Norman Shattuck,* for plaintiffs in error.
*Rosser & Shaw,* contra.

PER CURIAM. The exception is to a judgment holding the defendants, William M. Pike and H. Frank Pike, in contempt for refusing to comply with an order of court requiring them to surrender possession of certain land to D. W. Stiles, for which Stiles had been appointed receiver. Error was assigned on the grounds that the bond furnished by the receiver was not such as is required by law; that the receiver did not traverse the answer of the defendants; that there was no prayer in the original petition for an order requiring surrender of the property, and no such order was entered, and until such order there could be no contempt for failure to so surrender; that there was no contempt shown by the record; and that the court was without power to order defendants removed, they being in lawful possession, there being no final determination of the case. After adjudging the defendants in contempt, the order directed the sheriff to confine the defendants in jail "until they purge themselves of contempt by surrendering possession of the property to the receiver." On hearing in this court the defendant in error moved to dismiss the writ of error, on the ground that the only issue raised had become moot, to wit: "That, as shown by the bill of exceptions, the order adjudging the plaintiffs in error in contempt of court provided that the then defendants, now plaintiffs in error, might purge themselves of contempt by surrendering possession of the property to the receiver, D. W. Stiles, and on the day that said order was passed the then defendants, now plaintiffs in error, agreed to surrender the possession of said property to said D. W. Stiles, receiver, and did thereafter, prior to the filing of the bill of exceptions in said cause, surrender said property, and there is no longer any necessity for a determination of any of the questions presented in said bill of exceptions." Movant attached the affidavit of D. W. Stiles, which showed that plaintiffs in error had surrendered possession of the property in compliance with the order of court, and that affiant was in possession. Plaintiffs in error filed an answer to the motion to dismiss. They deny that they "agreed to surrender possession of the lands to the receiver as stated in the motion, and say that a few days after the order was passed by the court adjudging them in contempt they withdrew from the premises; knowing that he, the receiver, would take possession of the same," but that they withdrew from the same on account of the following stated facts. They say that William M.

234

Pike is an old man, feeble in health, and unable to stand the confinement in the jail, and that he lives with his son, H. Frank Pike, who looks after his welfare; they say that they did not freely and voluntarily withdraw from the lands, but did withdraw on account of the ill health of said William M. Pike and to avoid being confined in the common jail of said county with felons and others until this matter could be determined by the higher court." This answer was sworn to.

Under the facts stated above, the only issue raised has become moot, and the writ of error must be dismissed. Whether possession of the property was surrendered as stated in the motion, or whether it was surrendered as stated in the answer to such motion, undeniably the receiver is in possession of the property as ordered by the court. A decision of the case on its merits could not affect that status. In the circumstances it would avail nothing to retain the case in order to pass upon the various alleged errors assigned. *Cook* v. *Lowry,* 148 *Ga.* 516 (97 S. E. 440) ; *Stark* v. *Hamilton,* 149 *Ga.* 44 (99 S. E. 40) ; *Samuels* v. *Lanford,* 149 *Ga.* 167 (99 S. E. 532). *Writ of error dismissed. Russell, C. J., absent.*