## NYE ODORLESS INCINERATOR CORPORATION *v.* FELTON *et al.*

No. 8343.    JUNE 9, 1931.

*Alston, Alston, Foster & Moise, Little, Powell, Reid & Goldstein,* and *Jones, Jones, Johnston & Russell,* for plaintiffs.

*John R. L. & Joseph LeC. Smith* and *George A. Pindar,* for defendants.

RUSSELL, C. J.  The defendants in error filed a motion to dismiss the writ of error in this case, upon the ground that the questions sought to be adjudicated have become moot.  Upon the filing of this petition this court, on May 11, 1931, issued a rule nisi calling upon the plaintiff in error to answer said petition and show cause why the bill of exceptions should not be dismissed as prayed.  The plaintiff in error filed its answer to the rule nisi on May 21, 1931, as required.  Upon consideration of the answer of the plaintiff in error, it appears that the only substantial matter involved in the adjudication was as to the control of the corporation; and it being admitted in the answer of the plaintiff in error that the prior preferred stockholders in the Nye Odorless Incinerator Corporation have now exercised their right, as conferred by the provisions of the charter of said corporation, and have elected a new list of officers to whom the control of the plaintiff in error has been surrendered (the default of the management and former officers selected by the common stockholders being now admitted), the only real question raised by the bill of exceptions has therefore become moot.  It is insisted in the answer that the question as to whether or not the court below erred in refusing a temporary injunction is not moot.  In this opinion we can not concur.  An inquiry under the circumstances presented by the answer into the propriety of the court's action in refusing an interlocutory injunction, or in postponing the consideration of that subject, however

the order of the judge of the superior court may be construed, would be purely academic and would serve no useful purpose. Upon the petition of the plaintiff in error, and for the purpose of preserving its jurisdiction, this court granted a supersedeas, staying the election of a new set of officers and the change of the control of the corporation from the common stockholders to officers elected by the prior preferred stockholders in the Nye Odorless Incinerator Corporation, upon conditions stated in the order of supersedeas. By reason of the failure of the plaintiff in error to comply with the conditions imposed by this court, and in consequence of the default, a vital change in the control of the company has been effected, in accordance with the express terms of its charter. Therefore, whatever rulings were made by the lower court have become altogether immaterial.

It is insisted in the answer of the plaintiff in error that the costs should be taxed against the defendants in error; but we see no reason why the usual rule should be varied in this case. It is therefore ordered that the bill of exceptions in the above-stated case be dismissed at the cost of the plaintiff in error.

*Writ of error dismissed. All the Justices concur, except Atkinson and Hines, JJ., who dissent.*