## BRIDGES *et al.* v. POOLE.

No. 9139. FEBRUARY 20, 1933.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for plaintiffs in error.

*Branch & Howard, H. A. Allen, W. Paul Carpenter,* and *J. C. Miner,* contra.

BELL, J. In the bill of exceptions error is assigned upon the overruling of a general demurrer to a suit for mandamus and injunction. The defendant in error moved to dismiss the bill of exceptions, upon the grounds (1) that there was no exception to a final judgment, and (2) that the questions have become moot. Since the court is of the opinion that the motion to dismiss is well taken and should be sustained, the following statement is intended to include only such facts as may illustrate that question.

A. Lamar Poole filed a petition against James L. Beavers as chief of police, and against Guy Coleman and others composing the police committee, of the City of Atlanta, in which he alleged the following facts: Until his suspension by the chief of police the plaintiff was assistant chief of police and was chief of detectives of the police force of the City of Atlanta. Beavers as chief of police preferred charges against the plaintiff, and passed an order suspending him pending a trial before the police committee upon such charges. The trial began in due course and continued for several days. Guy Coleman, a member of the committee, was absent from one of the sessions at which testimony was taken, and because of such absence was held by the other members of the committee to be disqualified to preside further in the case. At the conclusion of the evidence, the committee retired as if to make a decision upon the issues being tried, but "the said Mr. Coleman, a member of said committee, was present at said meeting, and made a motion that the said James L. Beavers, chief of police, who had preferred said charges, be allowed to withdraw said charges; and thereupon said committee adopted said motion and immediately adjourned. It was the purpose of the said James L. Beavers in withdrawing said charges to immediately refile said charges for the purpose of having the said charges retried, so that the said Coleman could participate in the decision thereof; and the said Coleman and the other members of said committee knew that this was the purpose of allowing said charges to be withdrawn. The said Beavers had, prior to said action of said com-

mittee taken on the motion of said Coleman, as aforesaid, already prepared said charges to be immediately refiled; and within only a few minutes after said motion had been adopted by said committee the said Beavers did file said charges, and immediately issued an order suspending petitioner. Said charges as refiled by said Beavers, as aforesaid, are identical with the amended charges upon which petitioner had been tried, as set forth in this petition." The plaintiff contended that he was entitled to have the original charges disposed of in some way by a decision thereon; and that the court should by the writ of mandamus require the defendants to render such decision. The plaintiff further contended that the action of the committee in allowing the charges to be withdrawn was wholly void; and that if the court should take this view of the matter, "then petitioner stands legally discharged, because he has been put upon trial and has been in jeopardy, and can not again be tried upon the same charges, and he is entitled to perform the duties incident to his office and receive the compensation attached thereto, and in such event the court should by mandamus compel the defendants herein to recognize petitioner as the assistant chief of police of the City of Atlanta and chief of the detective department thereof."

The petition contained the following prayers: (1) that a mandamus issue, requiring the defendants to render a decision and judgment upon the charges on which the plaintiff had been tried, "or that petitioner be recognized by said defendants as the assistant chief of police and chief of detectives of the police department of the City of Atlanta;" (2) that Beavers be enjoined "from prosecuting the said charges which have been refiled against petitioner as set out in this petition;" (3) that the members of the police committee be enjoined "from proceeding in any manner with the trial of said charges which have been refiled against petitioner." The defendants having demurred generally and specially, and also having filed an answer, the court, after overruling the general demurrer, heard the case upon the petition and answer, and granted a mandamus absolute. The two judgments overruling the demurrer and granting the mandamus, while rendered on the same day, were separate and distinct judgments. In the judgment granting the mandamus the members of the police committee were ordered and required to proceed to render a decision upon the charges as originally filed. The judgment overruling the demurrer was assigned as

error "on each and all of the grounds set out in said demurrer," and "upon the further ground that the decision went beyond a decision upon the demurrer, and undertakes to give final direction to the case." The latter portion of this assignment of error evidently referred to the final judgment granting the mandamus, because it appears from the record that the judgment on the demurrer went no further than to overrule it, and did not attempt to give direction as to other matter.

The motion to dismiss the writ of error as to its second ground, that is, that the case is moot, made the following allegations: The court refused to allow a supersedeas of the judgment; and after certification of the bill of exceptions the police committee, in compliance with such judgment, proceeded to a decision upon the original charges preferred against the plaintiff, "acquitting [him] of the charges against him, and reinstating him to the office of assistant chief of police and chief of detectives of the City of Atlanta." These statements were verified by documentary evidence consisting of an affidavit by the defendant in error, and of certified extracts from the minutes of the superior court and of the police committee, and are not disputed by the plaintiffs in error.

■ This was a suit for mandamus. The petition also contained prayers for injunction. The defendants filed a general demurrer, which the court overruled, and they excepted. It appears from the record that the court, after overruling the demurrer, proceeded to hear the case, and rendered a judgment granting a mandamus absolute. Supersedeas was not obtained. The bill of exceptions contained no assignment of error upon the judgment granting the mandamus; and the defendant in error has moved to dismiss the bill of exceptions upon this ground, and also upon the ground that the case is moot. We are of the opinion that the first ground of the motion is well taken, so far as the petition may be considered as a suit for mandamus. In the next division of this opinion reference will be made to the prayers for injunction. Substantially the exact question was decided by this court in *Commissioners of Thomas County* v. *Hopkins,* 118 *Ga.* 643 (45 S. E. 433), s. c. 119 *Ga.* 909 (47 S. E. 319), in which the following ruling was made: "A demurrer to a petition for mandamus was overruled; issues of fact were then submitted to a jury, and were found in favor of the petitioner; defendant made a motion for a new trial, which was re-

fused. *Held,* that the case is prematurely brought to this court by a bill of exceptions assigning error upon the refusal to grant a new trial and upon exceptions pendente lite to the overruling of the demurrer, when it appears that no mandamus absolute has been granted. Until a judgment granting a mandamus absolute is rendered, the case is still pending in the court below." That decision was by a full bench, and appears to be controlling upon the question now under consideration. It may be interesting to examine some of the reasons which underlie the decision. Having this object in view, we will first compare the rule which obtains in quo warranto cases.

In *Western & Atlantic Railroad* v. *State,* 69 *Ga.* 524, it was held that a judgment overruling a demurrer to a petition for the writ of quo warranto "is not such a final disposition of the cause as from which a bill of exceptions can be taken directly to this court." In the opinion it was said: "By [the] statutes of Georgia relating to the writ of quo warranto, no appearance and trial terms of court are provided, but the obvious design of the legislature is that such a case shall be tried as speedily as possible. This celerity is to be observed, not only in the hearing and decision upon all points that may arise in the court below, before the judge or jury, but special provision is also made for the quick determination of all issues that may be legally brought before this court, by directing such cases to be placed upon the docket here as are cases of injunction. It would be an absurdity, too glaring for supposition, to fancy that the legislature would so concern itself to have the real merits of a quo warranto case so speedily brought to a determination, and yet so frame the law as to authorize the overruling of a demurrer to be made the instrument of delaying the matter for months. That the overruling of a demurrer, properly filed and pressed and heard, in an ordinary action or bill in equity for which there are appearance and trial terms, can be brought directly to this court by bill of exceptions, appears to be settled. But we distinguish between such cases and a case arising on motion or demurrer to suspend or dismiss a writ of quo warranto; for which last case, there being no separate terms of court, and the policy of the law being that the real merits of the question involved should be speedily determined, it is considered that no bills of exceptions can be taken until after the final determination of the whole case; and that all errors complained of,

from the beginning to the ending of such trial, can be taken advantage of by assignment in the general bill of exceptions, tendered at the final determination of the cause." That decision has been followed in *Sayer* v. *Harding,* 118 *Ga.* 642 (45 S. E. 418); and in *Walker* v. *Norris,* 134 *Ga.* 518 (68 S. E. 70). Whether or not the reasons for the conclusion there reached would at that time have been applicable in a mandamus case (*Hathcock* v. *McGouirk,* 119 *Ga.* 973 (3), 979, 47 S. E. 563), the same considerations would enter into a case of the latter character since the passage of the act of September 26, 1883 (Ga. L. 1883, p. 103). Civil Code (1910), §§ 5444-5449. By an examination of the existing law relating to mandamus cases, it will be seen that appearance and trial terms are abolished and a speedy decision upon the merits is intended. If the case involves no issue of fact, it may be heard and determined in vacation; but if an issue of fact is made, it shall be in order for trial upon the first day of the next term of the superior court, as other jury cases are tried; and "if the superior court be in session or taking a recess at the time fixed for trial by the mandamus nisi, the case shall stand for trial at the then present term." A trial may be had in vacation even where the facts are in dispute, if the parties so agree. It is also provided, that, "upon refusal to grant the mandamus nisi, the petitioner may have his bill of exceptions to the Supreme Court, as in cases of the granting and refusing of injunctions; and either party dissatisfied with the judgment on the hearing of the answer to the mandamus nisi may likewise file his bill of exceptions." § 5447, supra. The statement that a party may have his bill of exceptions "as in cases of the granting and refusing of injunctions" was manifestly a reference to the provisions now contained in section 6153 relating to fast bills of exceptions. *Holder* v. *Jelks,* 116 *Ga.* 134 (42 S. E. 400); *Thompson* v. *McGhee,* 93 *Ga.* 254 (19 S. E. 32); *Bacon* v. *Jones,* 116 *Ga.* 136 (42 S. E. 401); *Board of Veterinary Examiners* v. *Ruffin,* 147 *Ga.* 441 (94 S. E. 555).

The section quoted above was also taken from the act of 1883, and from the whole of this act it appears that the legislature intended to outline not only the procedure in the trial court but also the method of review. The scheme as to the mode of appeal seems to be exhaustive, and does not include the right to except to the *overruling* of a general demurrer to the petition. This view is further strength-

ened by the caption of the act referred to, the language of which is as follows: "An act to fix the time and method of trial in cases of mandamus, before the judges of the superior courts, and in the superior and Supreme Courts." It thus appears that the decision in the *Hopkins* case was clearly in accordance with the legislative policy, and we unhesitatingly reaffirm the ruling made in that case. The conclusion reached both in that and in the present case may be thought to be inconsistent with the provision of section 6138, which allows a bill of exceptions to any decision or judgment which, though not final within itself, "would have been a final disposition of the case," "if it had been rendered as claimed by the plaintiff in error." This provision was in existence at the time of the decision in each of the quo warranto cases as cited above, and was evidently not considered as sufficient to save the writs of error in those cases. See Code of 1863, § 4159; Code of 1868, § 4191; Code of 1873, § 4250; Code of 1882, § 4250; Civil Code (1895), § 5526. Moreover, the act of 1883 was a subsequent statute which made special provision for writs of error in mandamus cases. In other words, with respect to mandamus as well as quo warranto cases the law has made an exception to the general rule permitting a direct bill of exceptions to any decision or judgment which, though not final within itself, would have been a final disposition of the case "if it had been rendered as claimed by the plaintiff in error." *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505). Accordingly, we hold that the defendant in a mandamus case can not bring a bill of exceptions directly to this court merely for the purpose of reviewing a judgment overruling a demurrer to the petition, but that in such a case the defendant should preserve his exceptions and come to this court only after a final judgment against him, in which event, of course, he should assign error upon the final judgment. *Allen* v. *Savannah,* 9 *Ga.* 286 (3); *Harrell* v. *Tift,* 70 *Ga.* 730; *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047). The case of *Chapman* v. *Dobbs,* 175 *Ga.* 724 (166 S. E. 22), in which the opinion of the court was prepared by the present writer, is a physical precedent to the contrary, but the question of practice was not made in that case, and was overlooked by this court.

■ From what has been said in the foregoing division, the writ of error would be dismissed for the failure to assign error upon a final judgment, except that the petition contained prayers for in-

junction as well as for mandamus, and a bill of exceptions will lie directly to this court from a judgment overruling a general demurrer to a suit for injunction. *Ryan* v. *Kingsbery,* 88 *Ga.* 361, 365 (14 S. E. 596) ; *Town of Alapaha* v. *Paulk,* 130 *Ga.* 595 (2) (61 S. E. 401) ; *Smith* v. *Shaw,* 138 *Ga.* 805 (2) (76 S. E. 372). If the fact that the suit was in part for injunction will make it improper to dismiss the bill of exceptions solely upon the ground that there was no exception to the final judgment, it nevertheless appears without dispute that any question as to injunction has become wholly moot, and for this reason it would be useless to retain the bill of exceptions for the purpose of adjudicating the sufficiency of the petition as a suit for injunctive relief. The bill of exceptions being fatally defective as applying to the petition as a suit for mandamus, the final judgment granting the mandamus absolute, as disclosed by the record, necessarily constitutes an adjudication that the plaintiff (the defendant in error) was entitled to the relief granted thereby. In the motion to dismiss the writ of error it is shown that in pursuance of the mandamus order the police committee proceeded to a decision upon the issues made by the original charges, with the result that the plaintiff was acquitted and discharged, and with the further result that he was restored to his office as assistant chief of police and as chief of detectives of the police force. The prayers for injunctive relief were that the chief of police be restrained from prosecuting the plaintiff upon the "refiled charges" and that the other defendants be prevented by injunction from trying the plaintiff thereon. Even if we should now decide that the petition stated no cause for the grant of such equitable relief, it would be impossible for this court or the trial court to restore the status, for the reason that the mandamus judgment has passed beyond the pale of exception and the rulings therein made are now res adjudicata.

It follows that the bill of exceptions, so far as applicable to a suit for mandamus, should be dismissed for want of an exception to the final judgment, and that so far as it may apply to a suit for injunction it should be dismissed because the questions raised for decision have become moot. Upon the latter question, the case may perhaps be different from the case of *Tabor* v. *Hipp,* 136 *Ga.* 123 (70 S. E. 886, Ann. Cas. 1912C, 246), and we do not place the present ruling altogether upon that decision. It may or may not

508

be that if the bill of exceptions could be retained as a writ of error in a mandamus case, the questions raised would not be moot. See, in this connection, *Bigby* v. *Powell,* 15 *Ga.* 91; *Jordan* v. *Jordan,* 16 *Ga.* 446, 452; *Jones* v. *Hurst,* 91 *Ga.* 338 (3) (17 S. E. 635); *Lowe* v. *Burke,* 79 *Ga.* 164 (3) (3 S. E. 449); *Ryan* v. *Kingsbery,* supra; *Hudson* v. *Alford,* 118 *Ga.* 669 (45 S. E. 454). We think it is clearly apparent, however, that under the facts of this case the questions as to injunction can not longer be the subject of controversy, and that upon a consideration of both grounds combined the motion to dismiss the bill of exceptions should be sustained. Cf. *Nye Odorless Incinerator Cor.* v. *Felton,* 172 *Ga.* 792 (159 S. E. 267); *Thompson* v. *Thompson,* 172 *Ga.* 165 (157 S. E. 628); *Pike* v. *Stiles,* 170 *Ga.* 232 (152 S. E. 256); *Carter* v. *Gabrels,* 136 *Ga.* 177 (71 S. E. 3); *Bigham* v. *Yundt,* 158 *Ga.* 600 (2) (123 S. E. 870); *Kennedy* v. *Edenfield,* 159 *Ga.* 816 (126 S. E. 779); *Waldron* v. *Atlanta,* 167 *Ga.* 620 (146 S. E. 318).

*Writ of error dismissed. All the Justices concur.*