CORBIN *v.* SHADBURN.

No. 9794. OCTOBER 12, 1933.

*W. L. Nix,* for plaintiff.

GILBERT, J. Mrs. Shadburn sued Corbin in the city court of Buford. Corbin filed in the superior court an equitable petition against Mrs. Shadburn, seeking to enjoin "further prosecution" of the pending suit in the city court. The bill of exceptions recites: "The petition had not been served upon the defendant, and was presented to the court for the purpose of obtaining a show-cause

order and a temporary restraining order. Plaintiff having presented his petition to the said judge, the said judge, after consideration thereof, passed an order refusing to grant a show-cause order and refusing to grant a temporary restraining order as prayed for in the petition; to which judgment refusing to grant a show-cause order, and a temporary restraining order, the plaintiff in error in this bill of exceptions, J. S. Corbin, then and there excepted," etc. The record shows that the refusal of the restraining order was passed on June 6, 1933; that service on the defendant, Mrs. Shadburn, was perfected on June 12, 1933; and that no process was issued against Shadburn Banking Company. The bill of exceptions was certified on June 9, 1933, and filed in the office of the clerk of Gwinnett superior court on June 10, 1933.

1. The dates of the order, of the certificate to the bill of exceptions, and of the filing in the clerk's office of the superior court all were prior to the service of the petition on Mrs. Shadburn. These require the conclusive inference that the judgment rendered was merely a refusal of a restraining order, and not a judgment denying an interlocutory injunction.

2. The statement in the order of the judge "Upon considering the within petition and copy of the suit in city court of Buford, there is no sufficient cause set out to authorize the court to enjoin the suit in the city court of Buford," was a mere reason given by the judge why the temporary restraining order was refused. The order was based purely upon a consideration of the petition and the copy of the suit pending in the city court. It is clear that no evidence was heard, and there was no hearing on the application for interlocutory injunction.

3. "The refusal of a judge to grant an ad interim restraining order in advance of the time set for a hearing of an application for a temporary injunction is not reviewable. *Hollinshead* v. *Lincolnton*, 84 *Ga.* 590 [10 S. E. 1094]; *Mayor of Savannah* v. *Grayson*, 104 *Ga.* 108 [31 S. E. 149]; *Smith* v. *Willis*, 107 *Ga.* 793 [33 S. E. 667]." *Ivey* v. *Rome*, 126 *Ga.* 806 (55 S. E. 1034); *Dorminey* v. *Moore*, 144 *Ga.* 207 (86 S. E. 536); *Crider* v. *Holbrook*, 169 *Ga.* 765 (151 S. E. 505).

*Writ of error dismissed. All the Justices concur.*