· 24882. DENHAM *v.* STATE HIGHWAY BOARD OF ·
GEORGIA.

DECIDED MARCH 4, 1936.

*James H. Pate,* for plaintiff in error.
*R. L. Tipton, S. M. Mathews, B. S. Miller, A. D. Tucker,* contra.

MacIntyre, J. The State Highway Board filed its petition to condemn certain lands for road purposes, setting out the names of those interested in the lands. The action was instituted pursuant to the act of 1914 (Code of 1933, §§ 36-1101-36-1116), and it was prayed that the title be decreed free of liens and be vested in the board in fee simple. The judge issued his order calling on all interested to show cause why such lands should not be condemned, and the owner be paid a fair compensation therefor. The tax-commissioner of the county was served with the petition and order. Before the appointment of any assessors and prior to any award as provided, the statute providing that the same right of appeal ·should lie as in other cases of condemnation (Act of 1894, Code of 1933, §§ 36-601 et seq), the condemnee named in the petition interposed a demurrer denying the right of the State Highway ·Board to proceed, and, after the introduction of evidence by the condemnor, moved for a nonsuit. The judge overruled both the .demurrer and the motion, and to these rulings the condemnee excepted directly.

·The act of 1914 does not provide for any method of review of interlocutory orders, and the only final judgment in this proceeding is the judgment of award. The general condemnation statutes, of which the act of 1914 is expressly cumulative, contain no provision for any review of such motions or orders, but only for an appeal as therein provided, and for a writ of error from the final judgment. The condemnor moved to dismiss the writ of error, because the proceeding had not finally terminated in the lower court, and because there was no right in the condemnee or in any party to the proceeding to except to any pendente lite order and

to sue out a direct bill of exceptions to review the same, and, this being a special statutory proceeding, the statutes must be strictly pursued and complied with. The statute provides (Code of 1933, § 36-1109) that the judge shall "make such order on the subject as shall secure a fair and impartial assessment, or may, in his discretion, order the issues tried in the first instance by a jury. In any event it shall be within the power of the court to hear said cause as speedily as may be consistent with justice and due process of law, and, if necessary, at the term at which it is filed, or the first term after filing." No right to except to any such order is given. It is within his discretion as to how he shall dispose of the preliminaries in the proceeding. The object is that the lands be subjected for public purposes free of all liens, and that all lienholders as well as the owner of the title to the lands shall receive pay for their claims and for their land taken. We agree with the condemnor. An action to condemn land under the act of 1914 is a special statutory proceeding brought by the State Highway Board to condemn lands described for road purposes, and to vest in it the fee-simple title thereto, divesting and satisfying any and all liens against the premises, and paying to the condemnee just and adequate compensation for the lands taken. In such a proceeding, which is begun by petition filed in the superior court, and an order entered thereon, calling on all parties interested to show cause, all lienholders and claimants being notified thereof and/or made parties thereto, speedy action and progress is to be obtained so far as possible; and the statutes providing therefor must be strictly pursued. Accordingly, there being no provision therefor in the statute, a condemnee can not halt the proceedings at any stage thereof, before appointment of assessors and award, with right to appeal therefrom, by interposing a demurrer to the petition filed by the condemnor, and, upon the judge overruling such demurrer, except directly to that ruling. No direct writ of error lies. The condemnee is relegated to the statute, or, in the event the State Highway Board is exceeding its authority in any way, she may of course in a proper case, resort to a court of equity for relief. The purpose of this special condemnation statute is to afford a speedy and fair means whereby the public authorities may acquire a clear title to the lands sought for public purposes, and the landowner and all parties concerned may receive

their just compensation therefor. It therefore follows that the writ of error in this case does not lie to the order overruling the condemnee's demurrer, and for the same reasons a writ of error does not lie to the refusal of a nonsuit. See *Bridges* v. *Poole,* 176 *Ga.* 500 (168 S. E. 577). In *Western & Atlantic Railroad* v. *State,* 69 *Ga.* 524, it was held that a judgment overruling a demurrer to a petition for the writ of quo warranto "is not such a final disposition of the cause as from which a bill of exceptions can be taken directly to this court." In the opinion it was said: "By the statutes of Georgia relating to the writ of quo warranto, no appearance and trial terms of court are provided, but the obvious design of the legislature is, that such a case shall be tried as speedily as possible. This celerity is to be observed, not only in the hearing and decision upon all points that may arise in the court below, before the judge or jury, but special provision is also made for the quick determination of all issues that may be legally brought before this court, by directing such cases to be placed upon the docket here as are cases of injunction. It would be an absurdity, too glaring for supposition, to fancy that the legislature would so concern itself to have the real merits of a quo warranto case so speedily brought to a determination, and yet so frame the law as to authorize the overruling of a demurrer to be made the instrument of delaying the matter for months. That the overruling of a demurrer, properly filed and pressed and heard, in an ordinary action or bill in equity for which there are appearance and trial terms, can be brought directly to this court by bill of exceptions, appears to be settled. But we distinguish between such cases and a case arising on motion or demurrer to suspend or dismiss a writ of quo warranto; for which last case, *there being no separate terms of court, and the policy of the law being that the real merits of the question involved should be speedily determined* [italics ours], it is considered that no bills of exceptions can be taken until after the final determination of the whole case; and that all errors complained of, from the beginning to the ending of such trial, can be taken advantage of by assignment in the general bill of exceptions, tendered at the final determination of the cause." See also *Sayer* v. *Harding,* 118 *Ga.* 642 (45 S. E. 418) ; *Walker* v. *Norris,* 134 *Ga.* 518 (68 S. E. 70). The reasoning and principles governing the ruling in 69 *Ga.* are controlling and applicable here. There

were no terms fixed, and the object of the legislature was as speedy a final determination of the matter as possible, and the trial judge was given free rein by the statutes to accomplish this. Accordingly we hold that the condemnee in a proceeding under these statutes can not bring a bill of exceptions reviewing a judgment overruling a demurrer to the petition, or a motion refusing a nonsuit, but that in such a case the condemnee should preserve her exceptions pendente lite, and come to this court only after final judgment as provided in the Code of 1933, § 36-601. The writ of error was prematurely sued out, and the motion to dismiss is well taken.

*Writ of error dismissed. Broyles, C. J., and Guerry, J., concur.*