28077. THORNTON v. SOUTHERN MUTUAL INVESTMENT CORPORATION.

JORDAN, Justice. Appellee instituted an action in Fulton Superior Court on March 9, 1973, alleging default under the provisions of a deed to secure debt in favor of the appellee which had been assumed by the appellant, seeking the appointment of a receiver to collect rents, etc. After a hearing on March 30, 1973, the trial judge appointed a receiver for such purposes. On April 25, 1973, the appellee filed its motion for discharge of the receiver supported by an affidavit which showed that the property in question was sold in DeKalb County on April 3, 1973, pursuant to the foreclosure provisions of the deed to secure debt and that on April 23, 1973, the appellee, being the highest bidder at said sale, acquired fee title interest in the property pursuant to the deed under power of the sale. The trial court on April 25, 1973, entered a rule nisi directing the receiver to surrender possession of the property to appellee and ordering the receiver to file a final report with the court. On the same date, the appellant filed his

notice of appeal from the order of March 30, 1973, appointing the receiver. *Held:*

The appellee has filed a motion to dismiss on the ground that the appeal is moot. We must agree. The record clearly shows that there has been a foreclosure and sale of the property subsequent to the appointment of the receiver, and that on the date of the filing of the notice of appeal the receiver by court order was divested of possession and ordered to make a final report to the court. Therefore, a reversal of the order of March 30, 1973, appointing the receiver could be of no possible benefit to the appellant or affect the status of the parties. *Nye Ordorless Incinerator Corp. v. Felton,* 172 Ga. 792 (159 SE 267); *Pike v. Stiles,* 170 Ga. 232 (152 SE 256).

We have held many times that an appeal involving the denial of injunctive relief is moot where the action sought to be enjoined is completed prior to the appeal. *U. S. I. F. Atlanta Corp. v. Timberlake,* 230 Ga. 225 (196 SE2d 440) and cases cited therein. *Appeal dismissed. All the Justices concur.*

ARGUED JULY 12, 1973 — DECIDED SEPTEMBER 6, 1973.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard, Charles E. Lamkin,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart,* for appellee.