29142.   STEWART *v.* BOARD OF COMMISSIONERS OF ECHOLS COUNTY.

DECIDED OCTOBER 24, 1941.

*W. George Thomas, George D. Stewart,* for plaintiff.
*Langdale, Smith & Tillman,* for defendant.

BROYLES, C. J.   The Board of County Commissioners of Echols County instituted in the superior court of that county a proceeding, under the Code, §§ 36-1101 et seq., to condemn certain lands for road purposes. As the putative owner of said lands, Charles E. Stewart was named as a party defendant. Stewart filed a general demurrer to the proceeding. The demurrer was overruled, and Stewart in a direct bill of exceptions assigned that ruling as error. The defendant in error has filed a motion to dismiss the writ of error as prematurely brought. In *Denham* v. *State Highway Board,* 52 *Ga. App.* 790 (184 S. E. 631), the headnote reads: "Writ of error does not lie to the overruling of a demurrer and of a motion for nonsuit, before final judgment, in a proceeding by the State Highway Board to condemn land for road purposes under §§ 36-1101 et seq. To such rulings exceptions pendente lite should be taken. § 36-601." And in the opinion in that case this court said: "The act of 1914 [Code §§ 36-1101 et seq.] does not provide for any method of review of interlocutory orders, and the only final judgment in this proceeding is the judgment of award. The general

condemnation statutes, of which the act of 1914 is expressly cumulative, contain no provision for any review of such motions or orders, but only for an appeal as therein provided, and for a writ of error from the final judgment. . . Accordingly, there being no provision therefor in the statute, a condemnee can not halt the proceedings at any stage thereof, before appointment of assessors and award, with right to appeal therefrom, by interposing a demurrer to the petition filed by the condemnor, and, upon the judge overruling such demurrer, except directly to that ruling. No direct writ of error lies." Is the above-stated ruling applicable to the present case where the condemnation proceeding was brought, not by the State Highway Board but by the county commissioners of Echols County? The act of 1914 (§ 36-1104) granted to the State of Georgia and the United States the privilege of proceeding in the above-stated manner to condemn private property. This act was amended by the act of 1937 (Ga. L. Ex. Sess. 1937-1938, pp. 251, 253), by granting the same privilege, granted to the State of Georgia and the United States, to "all persons or corporations having the privilege of exercising the right of eminent domain." Therefore, in our opinion, the above-stated ruling in the *Denham* case, supra, is applicable to the case at bar, and the writ of error was prematurely brought.

*Writ of error dismissed. McIntyre and Gardner, JJ., concur.*