HAGANS *v.* EXCELSIOR ELECTRIC MEMBERSHIP CORPORATION.

HAWKINS, Justice. 1. While a writ of error, complaining of the overruling of a demurrer by the condemnee to a proceeding by an electrical-membership corporation to condemn land for a right of way for a transmission line, under Code (Ann.) §§ 36-1101 et seq., and prior to a final judgment therein as provided for by Code § 36-601, would be premature, and subject to dismissal on that ground (*Denham* v. *State Highway Board of Georgia*, 52 *Ga. App.* 790, 184 S. E. 631; *Stewart* v. *Board of Commissioners of Echols County*, 66 *Ga. App.* 108, 17 S. E. 2d, 203), where, as in this case, the condemnor brings an equitable petition, wherein it seeks, not only the appointment of assessors and the condemnation of the property, but also to enjoin the condemnee from interfering with its survey of the proposed right of way, when the condemnee demurs to the petition upon the ground that the condemnor has no legal right to exercise the power of eminent domain, and by his answer alleges that even if it has such power, it could not be exercised for the purpose of supplying electricity to a fishing lodge, and that the condemnor has abused its discretion in the location of the proposed right of way, and seeks to enjoin the condemnor from prosecuting the condemnation proceedings, and the trial court overrules the demurrer, denies the injunctive relief sought by the condemnee and grants the injunction sought by the condemnor—a writ of error complaining of these judgments is not premature. A bill of exceptions will lie to the grant or refusal of an interlocutory injunction, and to any judgment which, if ruled as contended by the plaintiff in error, would have constituted a final determination of the cause. Code, § 55-202; *Brindle* v. *Goswick*, 162 *Ga.* 432 (134 S. E. 83); *Walker* v. *Ful-Kalb Inc.*, 181 *Ga.* 574 (183 S. E. 776).

2. Nor will the questions presented by such a bill of exceptions as that referred to in the preceding headnote be rendered moot because no supersedeas was granted, and the trial court after the rulings complained of appointed assessors who made an award of damages to the condemnee, the amount of which had been paid into the court, and the construc-

tion of the transmission line completed. . The question of the right of the condemnor to exercise the power of eminent domain could not be reached in the condemnation proceedings, but would have to be raised in an equitable proceeding for injunction, such as that filed by the condemnee in his answer, wherein he sought to enjoin the condemnation proceeding upon the ground that the condemnor did not have the right to exercise the right of eminent·domain, and was exceeding its authority. *Piedmont Cotton Mills* v. *Georgia Railway & Electric Co.*, 131 *Ga.* 129 (62 S. E. 52); *Rogers* v. *Toccoa Power Co.*, 161 *Ga.* 524 (131 S. E. 517), and cases cited on page 527. If the judgments here complained of should be reversed on the ground that the condemnor had no right to exercise the power of eminent domain, this would render nugatory the subsequent appointment of assessors and the award made thereby, and would be beneficial to the plaintiff in error. For this reason, the cases of *Bigham* v. *Yundt*, 158 *Ga.* 600 (123 S. E. 870); *Bigham* v. *Citizens & Southern Bank*, 159 *Ga.* 305 (125 S. E. 381); *Mathews* v. *Fort Valley Cotton Mills*, 177 *Ga.* 340 (170 S. E. 256); *Major* v. *City of Atlanta*, 198 *Ga.* 303 (31 S. E. 2d, 727); *Brockett* v. *Maxwell*, 200 *Ga.* 38 (35 S. E. 2d, 906); *Story* v. *City of Macon*, 203 *Ga.* 105 (45 S. E. 2d, 196); *Davison* v. *City of Summerville*, 204 *Ga.* 748 (51 S. E. 2d, 820); *Rentz* v. *Moody*, 204 *Ga.* 784 (51 S. E. 2d, 838), relied upon by counsel for the defendants in error, are distinguishable from the instant case. The motion to dismiss the writ of error is without merit.

3. The original Electric Membership Corporation Act approved March 30, 1937 (Ga. L. 1937, p. 644), conferred upon the corporations therein provided for, no power of eminent domain. The condemnor in this case, Excelsior Electric Membership Corporation, was incorporated in 1938, prior to the amendment of the original act by the act approved March 24, 1939 (Ga. L. 1939, p. 312; Code, Ann. Supp., 34A-104 (7)), providing that "Any such corporation shall have the right to acquire rights of way, easements, and all interests in realty necessary and appropriate to effectuate the purposes of such corporation by condemnation under the same procedure and terms as provided by Chapters 36-3, 36-4, 36-5, and 36-6, providing for the condemnation of property for public purposes." It is insisted by the condemnee that this amendment did not confer the power of eminent domain upon such corporations in existence at the time of its enactment, but that such corporations could acquire such power only by a specific amendment to their charter conferring such power subsequent to the passage of the amending act. This contention is without merit. In *Chestatee Pyrites Co.* v. *Cavenders Creek Gold Mining Co.*, 119 *Ga.* 354 (46 S. E. 422), it is held: "The power (of eminent domain) may be conferred either by a special act creating the corporation or by general acts relating to all corporations of designated classes." See also *Jones* v. *North Georgia Electric Co.*, 125 *Ga.* 618 (54 S. E. 85). The provisions of the act, approved March 24, 1939, authorizing electrical-membership corporations to exercise the power of eminent domain, apply to the corporation chartered before the date of the approval of the act. *Barnett* v. *D. O. Martin Co.*, 191 *Ga.* 11 (11 S. E. 2d, 210, 131 A.L.R. 725); *Federal Deposit Insurance Corp.* v. *Beasley*, 193 *Ga.* 727 (20 S. E. 2d, 23); *Hogg* v. *City of Rome*, 189 *Ga.* 298 (6 S. E. 2d, 48).

4. Where an electrical-membership corporation has the right to condemn private property for rights of way for the construction and operation of electric-transmission lines, it has a large discretion in the selection of a location for its route over such property; and unless such discretion has been abused, it will not be controlled or interfered with by the courts. *Piedmont Cotton Mills* v. *Georgia Ry. & Electric Co.*, 131 *Ga.* 129 (supra).

(*a*) In this case, as stated in the brief of counsel for the plaintiff in error, "The question of which route is the most practical route is a question of fact and good argument may be had both ways"; and the evidence does not disclose such an abuse of discretion as would require a reversal. *Sachs* v. *Dempsey*, 203 *Ga.* 438, 439 (47 S. E. 2d, 326).

5. Code, Ann. Supp., § 34A-103 provides: "Cooperative, nonprofit, membership corporations may be organized under this Chapter for the purpose of engaging in rural electrification by any one or more of the following methods: (1) The furnishing of electric energy to persons in rural areas who are not receiving electric service from any corporation subject to the jurisdiction of the Georgia Public Service Commission, or from any municipal corporation." Code, Ann. Supp., § 34A-111 provides: "All persons in rural areas proposed to be served by the corporation who are not receiving electric service from any corporation subject to the jurisdiction of the Georgia Public Service Commission, or from any municipal corporation, shall be eligible for membership in a corporation organized under this Chapter. No persons, other than the incorporators shall be, become or remain a member of a corporation unless such person shall use or agree to use electric energy or, as the case may be, the facilities, supplies, equipment, and services furnished by a corporation."

(*a*) The record in this case discloses that the applicant proposed to be served by the transmission line here involved is a person owning property in a rural area, and that he is not receiving electric service from any corporation subject to the jurisdiction of the Georgia Public Service Commission or from any municipal corporation; and under the foregoing provisions of the Code, the fact that the applicant's property is used for a fishing camp or pleasure resort, and not as a farm home, permanent dwelling, or place of business, would not prevent his becoming a member of the corporation and receiving electric service, or the corporation from furnishing electric energy to him. Nor is it required by the above Code sections that the proposed transmission line shall serve more than one member.

6. Under the foregoing rulings, the trial court did not err in overruling the condemnee's demurrers and motion to dismiss the condemnor's petition, or in refusing to grant the injunction prayed for by the condemnee, or in granting that prayed for by the condemnor.

*Judgment affirmed. All the Justices concur.*

No. 17113. JUNE 13, 1950.

*Cohen Anderson,* for plaintiff in error.
*Anderson & Trapnell,* contra.