19905.   MARTIN *v.* FULTON COUNTY *et al.*

ARGUED NOVEMBER 13, 1957—DECIDED JANUARY 14, 1958.

*J. Walter LeCraw,* for plaintiff in error.

*Harold Sheats, Paul H. Anderson, W. Neal Baird, George Gillon,* contra.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General,* for party at interest not party to record.

HEAD, Justice. 1. While no procedural questions have been raised in the present case by counsel representing the parties, our study of the case has indicated a need for clarification of

procedural matters pertaining to the statutory proceeding codified as Chapter 36-11 of the Code, under which the power of eminent domain may be exercised. These questions are, whether or not there may be direct exceptions to the overruling of a general demurrer in a condemnation proceeding brought under Chapter 36-11; and whether questions as to the sufficiency of the pleadings and the right to condemn may be made in a cross-bill to the condemnation petition, or whether such questions must be made in a separate bill in equity.

In *Denham* v. *State Highway Board of Georgia*, 52 *Ga. App.* 790 (184 S. E. 631); and in *Stewart* v. *Board of County Commissioners of Echols County*, 66 *Ga. App.* 108 (17 S. E. 2d 203), it was held that the condemnee can not file a bill of exceptions to review a judgment overruling general and special demurrers to a petition for condemnation brought under Chapter 36-11; but that any rulings made on such demurrers are interlocutory orders, where there has been no final judgment in the condemnation case. We can not concur in this view, and *Denham* v. *State Highway Board of Georgia*, supra, *Stewart* v. *Board of County Commissioners of Echols County*, supra, and similar cases by the Court of Appeals and this court are disapproved.

Code § 36-1106 specifically provides the nature and character of the objections which may be urged before the presiding judge, which include "any other matters material to their respective rights." Matters pertaining to the rights of the condemnee might therefore be raised by general and special demurrers as in other cases, and an adverse ruling on a general demurrer can be reviewed by a direct bill of exceptions prior to any final judgment in the condemnation case. Code § 6-701, as amended by Ga. L. 1953, Nov.-Dec. Sess., p. 455.

The petition for condemnation in the present case, as amended, fully met the requirements of Code § 36-1105, and the trial judge did not err in overruling the general demurrer. The special demurrers, not sustained by the trial judge, are clearly without merit and were properly overruled.

2. Prior to the enactment of Chapter 36-11 of the Code (Ga. L. 1914, pp. 92-96, as amended by Ga. L. 1937-38, Ex. Sess., pp. 251-255), there were no pleadings in a condemnation proceeding, and no hearings provided for before the presiding judge

(prior to appeal). In such proceedings (under Chapter 36-3 of the Code), questions pertaining to the right to condemn, the constitutionality of the proceedings, and similar questions, can be made by the condemnee only in a separate bill in equity. See *Board of County Commissioners &c. of Decatur* v. *Humphrey,* 47 *Ga.* 565; *Piedmont Cotton Mills* v. *Ga. Ry. &c. Co.,* 131 *Ga.* 129, 130 (3) (62 S. E. 52); *Atlanta Terra Cotta Co.* v. *Georgia Ry. &c. Co.,* 132 *Ga.* 537 (64 S. E. 563); *Harrold* v. *Central of Ga. Ry. Co.,* 144 *Ga.* 199, 200 (3) (86 S. E. 552); *Rogers* v. *Toccoa Power Co.,* 161 *Ga.* 524 (131 S. E. 517, 44 A. L. R. 534).

In condemnation proceedings under Chapter 36-11, a bill for injunction will lie where the remedy at law is not adequate and complete. *State Highway Dept.* v. *H. G. Hastings Co.,* 187 *Ga.* 204, 208 (199 S. E. 793, 133 A. L. R. 1). Where the condemnee contends that the proceedings were brought under an unconstitutional statute, the validity of the statute may be called in question under a separate proceeding in equity. *City of Atlanta* v. *Wilson,* 209 *Ga.* 527 (74 S. E. 2d 455); *City of Atlanta* v. *Sims,* 210 *Ga.* 605 (82 S. E. 2d 130).

However, while it has been held that a separate petition in equity for injunction may, in certain instances, be brought to restrain a condemnation proceeding filed under Chapter 36-11, it does not necessarily follow that equitable defenses and equitable pleadings may not be filed in such a condemnation proceeding, as in other actions at law.

3. The first contention of Mrs. Martin in her cross-bill is that "Fulton County has no legal authority to condemn and take the land described, . . ." The brief of her counsel indicates that this contention is based on the theory that, since the condemnation petition as amended asserted that the road to be constructed is a part of a system of limited-access highways which the Federal Bureau of Roads, the State Highway Department of Georgia, Fulton County, and the City of Atlanta, acting in conjunction, have determined to construct, the County of Fulton is not, itself, constructing the road, and therefore the County of Fulton should not be allowed to condemn the property.

The act of 1955 (Ga. L. 1955, pp. 559-564; Code, Ann., Chapter 95-17A), authorizing the construction of limited-access highways, provides in § 5 (Code, Ann., § 95-1704a) that "The

State Highway Department of Georgia and the highway authorities of the counties or municipalities in the State may acquire private or public property and property rights for limited-access facilities and service roads, including rights of access, air, view and light through gift, devise, purchase or condemnation in the same manner as such governmental units are now or may hereafter be authorized by law to acquire such property or property rights in connection with highways and streets within their respective jurisdictions." Under this section, it is apparent that it was the legislative intent that, where a limited-access highway is to be constructed by the joint action of several governmental agencies, the rights-of-way for the highway may be acquired, by purchase, condemnation, or otherwise, by any of the governmental authorities of this State co-operating in the project. Thus, in *Marist Society of Ga.* v. *City of Atlanta*, 212 *Ga.* 115 (90 S. E. 2d 564), where a contract had been entered into between the State Highway Department and the Commissioner of Public Roads of the Federal Government for the construction of a limited-access highway, it was held that the City of Atlanta could condemn rights-of-way.

It is not a new procedure in this State for a highway to be constructed by one agency of government, and the rights-of-way to be acquired by another agency. In the construction of State-aid roads by the State Highway Board, it is the duty of the county authorities having control of county roads to assist in procuring the necessary rights-of-way. Ga. L. 1935, p. 160 (Code, Ann., § 95-1721).

The amendment to the condemnation proceeding, which alleged that the road to be constructed is "a part of a system of limited access highways which the Federal Bureau of Roads, State Highway Department of Georgia, Fulton County and the City of Atlanta acting in conjunction have determined to construct through Fulton County," fully met the contention in the cross-bill that no concurrence or consent of the City of Atlanta is shown in the condemnation petition, and it is unnecessary to decide whether or not the consent of the city would be necessary before such condemnation could be instituted.

4. It is contended by Mrs. Martin that her property can not be legally condemned because of a constitutional homestead on

the property granted on the application of Mrs. Octavia N. Nealy in 1905. The pleadings show that Mrs. Nealy died in 1921 and the property passed by will to her son, Claude Nealy, who married Mrs. Martin's sister, and that in 1936 Mrs. Martin and her son came to live in the Nealy home. Mrs. Martin asserts that she is now the sole owner of the property.

Obviously no homestead presently exists in the property under the facts alleged by Mrs. Martin. *Jones* v. *McCrary*, 123 *Ga.* 282 (51 S. E. 349); *Bell* v. *Carter*, 138 *Ga.* 530 (75 S. E. 638); *Dudley* v. *Griggs*, 150 *Ga.* 153 (103 S. E. 89).

The allegations of the cross-bill show no valid reason for restraining the condemnation proceedings, and it was not error to dismiss the cross-bill.

*Judgment affirmed. All the Justices concur.*