### 20875. RUSSELL v. VENABLE *et al.*

HAWKINS, Justice. The State of Georgia, as plaintiff and condemnor, filed its petition in rem, in the Superior Court of DeKalb County, to condemn the following described property adjacent to Stone Mountain:

"All that tract or parcel of land situated, lying and being in the 18th District of DeKalb County, Georgia, and being in Land Lot 88, containing 4.26 acres, and more particularly described as follows: Beginning at Georgia State grid coordinates X-501,016.52 and Y-1,386,465.83; thence North 89° 10′ 58″ East, 540.38 feet to an iron pin corner; thence South 10° 12′ 43″ East, 129.52 feet to an iron pin corner; thence South 47° 17′ West, 253.21 feet to an iron pin corner; thence South 57° 46′ West 195.82 feet to an iron pin corner; thence South 65° 48′ West, 212.90 feet to an iron pin corner and property of the E. C. Johnson tract; thence North 2° 03′ West, 484.00 feet to the point of beginning."

Named as defendants, among others, were W. S. Venable and R. A. Russell. The petition alleges that it is necessary that the said tract be obtained for public use, and that the title to said property be acquired in the State of Georgia in fee simple; that the authority for condemning said property and

interests therein is provided by Code § 36-1104 as amended, and by resolution adopted on November 17, 1958, by the Governor, the State Auditor, and the Attorney-General, in compliance with the act of 1945 (Ga. L. 1945, pp. 120-121; Code, Ann., § 36-1117), a copy of the resolution being attached to and made a part of the petition, and being as follows:

"Whereas, by Act. No. 57 of the General Assembly of Georgia of 1958, approved February 21, 1958 (Ga. Laws 1958, pp. 61 through 81), which created Stone Mountain Memorial Association, a body corporate and politic, and authorized the Governor of Georgia to acquire in the name of the State property including Stone Mountain and property adjacent thereto, not to exceed 2,500 acres, and to expend therefor one and one-half million ($1,500,000) dollars; and

"Whereas, by authority of Section 41-305, Georgia Code Annotated, the Governor did by executive order dated the 17th day of March, 1958, appoint the Secretary of State, the Attorney General, Chairman of the Public Service Commission, Commissioner of Agriculture, Mrs. L. H. Lyle, Scott Candler and Price Gilbert, Jr., as agents on his behalf to acquire such property as was necessary to complete the proposed project included in the above referred to Act; and

"Whereas, by authority vested in the undersigned by Sections 36-1117 and 36-1118 it has been determined that 4.26 acres of land located in Land Lot 88, of the 18th District of De-Kalb County, Georgia, is necessary to carry out the program authorized by the above referred to Act; and

"Whereas, the DeKalb Real Estate Board has appraised the value of said property at Sixty-five Thousand ($65,000.00) Dollars, the above designated agents of the Governor are authorized to purchase said land for the appraised value if possible, and if not, the Attorney General is hereby authorized to commence condemnation proceedings to acquire said property by proper and legal procedure."

It is alleged that it is necessary to take said property and all interests therein outstanding to be used in the development of the Stone Mountain Memorial in compliance with Act No. 57 of the General Assembly of Georgia of 1958 (Ga. L. 1958, pp. 61-81); that the ownership of said property or interests is doubtful; that the petitioner finds and believes that the title of the apparent or presumptive owners of said property

or any interests therein is doubtful, incomplete, and in controversy, and that there are or may be persons unknown and nonresident who have or may have some claim or demand thereon or some active or contingent interests or estate therein; that there are or may be minors or other persons under disability who are or may be interested therein, and that it is desirable to have a judicial ascertainment of any question connected with the matter, and therefore the petition in rem is brought; that petitioner is willing to pay the true owner or owners of said property, or any owner of any interest therein, just and adequate compensation for the interest to be condemned, and all damages, if any, to which said owner would legally be entitled. There are then set out in paragraph 7 of the petition the names of the various individuals, including the two above named, certain governmental agencies and subdivisions, and corporations who may have or claim any right, title, power, interest, ownership, equity, claim, or demand in and to said land, and all owners and users of ways and easements in, across and over said lands are made parties defendant to the action and to the end that they may come into court and make claim to such interest, ownership or other rights they may have in the same and to the proceeds arising therefrom. Petitioner named its assessor, and prayed: (a) that by appropriate order the court require service of the petition to be perfected on the defendants, requiring them and all persons known and unknown who may claim or have an interest in said lands, to appear at a time and place to be fixed by the court to make objections, if any they have, their rights, ownership, interest, or any claim in and to said lands, and as to the value of the same, and any other matters material to an adjudication of their rights, and to name an assessor; (b) that notice be given to the Tax Collector of DeKalb County; that notice be published in the official organ of the county, and that notice be given to the Ordinary of DeKalb County who shall represent and act for any unknown owner and for any minors or owners who may have any title, right, interest, claim, or demand in and against said land, and that any other service as may, in the discretion of the court, be necessary or desirable, be perfected; (c) that the court fix a day certain in said order to pass upon and adjudicate all questions relating to the condemnation of said property, and make such further order as to the

appointment of assessors as required by law in such cases so as to secure a fair and impartial assessment, and that the court pass such other and further order as may be deemed proper; (d) that petitioner have judgment in rem against said property condemning the same in fee simple title in the petitioner free of lien or encumbrance as by law provided; and (e) that petitioner have such other relief as may be legal, proper, and just.

The court passed an order on November 24, 1958, requiring all persons interested to appear on December 29, 1958, at the hour of 10:00 a.m., to show cause why the prayers of the plaintiff should not be granted.

To this petition the defendants W. S. Venable and R. A. Russell filed their general and special demurrers. The petition was thereafter amended to meet a special demurrer which had been sustained, the amendment alleging in substance that the agents specified in the resolution, acting for the Governor of the State, are authorized to purchase the land at the appraised value of $65,000 if possible, and if not, the Attorney-General was authorized to commence condemnation proceedings to acquire said property by proper and legal procedure; that a conference was held by the attorneys and agents for the plaintiff, at which conference the attorneys for the defendants and the defendants were present; that the defendants stated that they would not accept $65,000 for said property as authorized by said resolution; that they did not intend to accept same, and it was therefore unnecessary to make any tender; that, at the time of the conference, it was determined that the title to the property could not be definitely established as being held by the defendants; and that the interests of the defendants, if any, were doubtful, incomplete, and in controversy; and that there are or may be persons unknown and nonresidents who have, or may have, some claim or demand thereon or interest therein, and plaintiff could not ascertain what amount or proportion of said $65,000 to tender to the defendants; and that a judicial ascertainment of any question connected with the matter was desired; that plaintiff is ready, willing, and able to pay, the said sum of $65,000 to the defendants or to any of the parties who are in a position to grant and convey to the plaintiff an unencumbered fee-simple title, or any award made.

Upon the allowance of this amendment, subject to objection, the

defendants Venable and Russell renewed their demurrers and filed additional demurrers, both general and special, and the defendant Russell moved to dismiss the petition upon numerous grounds, and to the judgment overruling the renewed demurrers and the motion to dismiss, the defendant Russell excepted.

To undertake to state the various grounds of general and special demurrers and of the motion to dismiss, consisting in all of 52 numbered paragraphs, with numerous subparagraphs, and 41 typewritten pages, would unnecessarily and unduly lengthen this opinion, but the rulings hereinafter made will dispose of all grounds of demurrer and of the motion to dismiss which are considered of such merit as to require any specific ruling. *Held:*

1. The "Stone Mountain Memorial Association Act" (Ga. L. 1958, pp. 61-81), in the second and third paragraphs, which precede the enacting clause, and which may properly be considered as a part of the title of the act, provides: "Whereas, the General Assembly of Georgia has determined that it is appropriate that Stone Mountain and property adjacent thereto be acquired, developed, maintained and operated as a perpetual memorial to the Confederacy and the Confederate States of America, and Whereas, the General Assembly deems it advisable and to the best interests of this State and its citizens to acquire, develop, operate and maintain Stone Mountain and property adjacent thereto as a Confederate Memorial and public recreation area by means of long term revenue bond financing." By section 2 (c) the project authorized by the act is described as "Stone Mountain and property adjacent thereto acquired by the association . . . located in DeKalb County, Georgia, . . . as a Confederate Memorial and public recreational area." Since in the third paragraph, preceding the enacting clause, specific reference is made to a recreation area, the contention that so much of the act as authorizes the establishment of a recreational area contains matter different from what is expressed in the title thereof in violation of art. 3, sec. 7, par. 8 of the Constitution (Code, Ann., § 2-1908) is without merit. *Cady* v. *Jardine*, 185 *Ga.* 9 (193 S. E. 869).

2. Section 6 (a) of the act (Ga. L. 1958, pp. 61, 68) provides: "In the event any portion of Stone Mountain proper or of the area surrounding the mountain, which may be necessary in

the opinion of the Governor for use in developing the property, cannot be acquired by purchase, it shall be the duty of the Governor, the State Auditor and the Attorney General to acquire the same by condemnation proceedings in the way and manner provided by the Act approved January 30, 1945 (Ga. L. 1945, p. 120) and the Governor, the State Auditor and the Attorney General are authorized, empowered and directed to proceed to acquire by condemnation, as authorized by said Act, and in the way and manner provided by said Act, any such portion of the property deemed by the Governor to be necessary for the proper development of Stone Mountain, which cannot be acquired by the Association by gift or purchase." Section 1 of the act approved January 30, 1945 (Ga. L. 1945, pp. 120, 121), provides: "The State of Georgia, acting by and through the Governor, the State Auditor, and the Attorney General and with the unanimous consent of said officials, is hereby authorized and empowered to take or damage by condemnation, private property for public purposes of the State of Georgia upon first paying or tendering to the owner thereof just compensation. . . . Condemnation proceedings by the Governor, the State Auditor and the Attorney General, acting for and in behalf of the State of Georgia, shall take the form provided in Part II of Title 36 or the form provided in Chapter 36-11 of the Code of Georgia of 1933 as amended." While in the latter act "The State of Georgia," acting through the officers named, is authorized to condemn private property for public purposes by the condemnation proceedings in Chapter 36-11 of the Code of Georgia as amended, the resolution by the Governor, the State Auditor, and the Attorney General, attached to the petition, shows that the present proceeding instituted in the name of the State is by the unanimous consent of said officers, as required by and in accordance with said act, and the contention that the State of Georgia has no right to maintain a condemnation proceeding in its name is without merit. The Constitution of this State (Code, Ann., § 2-2501) recognizes the inherent right of the State to exercise the power of eminent domain for the purpose of subjecting private property to public use. See, in this connection, *Elberton Southern Ry. Co.* v. *State Highway Dept.*, 211 *Ga.* 838 (89 S. E. 2d 645). Code § 36-1104 outlines a method of condemnation by the State, and the right to exercise this power of

eminent domain is conferred by Ga. L. 1945, p. 120 (Code § 36-1117) and by section 6 (a) of the Stone Mountain Memorial Association Act (Ga. L. 1958, p. 61, 68). The contention that the act last referred to provides merely a method of condemnation, but does not confer power to condemn, is without merit.

3. It is insisted by the plaintiff in error that Chapter 36-11 of the Code, providing that fee-simple title to private property may be acquired for a public purpose by the exercise of the power of eminent domain, is unconstitutional, because violative of art. 1, sec. 4, par. 1 of the Constitution (Code, Ann., § 2-401), in that it is a special law enacted in a case in which provision had been made by the general law embodied in Chapters 36-2 through 36-6 of the Code. This contention is likewise without merit. Code Chapter 36-11 as amended is itself a general law, and a general law may be amended by another general law. *State Highway Dept.* v. *H. G. Hastings Co.*, 187 *Ga.* 204, 209 (6) (199 S. E. 793, 133 A. L. R. 1), and cases there cited.

4. While in condemnation proceedings instituted under Code Chapters 36-2 through 36-6 the only question for determination is the amount of compensation to be paid for the property taken (*Atlanta Terra Cotta Co.* v. *Ga. Ry. &c. Co.*, 132 *Ga.* 537, 64 S. E. 563), and the only method of attacking the right of the condemnor to bring the proceeding or the validity of the law under which it is instituted, or of raising the question of public necessity, is by an equitable petition, undei Chapter 36-11 any matters material to the rights of the condemnee may be raised by demurrer, by equitable defenses, and equitable pleadings filed in that proceeding, and even if the condemnee might not be authorized to maintain a separate and independent equitable petition against the State to enjoin a condemnation proceeding instituted by it as condemnor, the fact that the State of Georgia is the condemnor does not deprive the condemnee of the equal protection of law guaranteed by the due-process clause of the Constitution of Georgia or of the United States, since he is authorized to make any valid defense in the condemnation proceeding itself. *Martin* v. *Fulton County*, 213 *Ga.* 761 (101 S. E. 2d 716).

5. The act approved January 30, 1945 (Ga. L. 1945, p. 120; Code, Ann., § 36-1117), authorizing the Governor, the State

Auditor, and the Attorney-General to take or damage by condemnation private property for public purposes, and the Stone Mountain Memorial Association Act of 1958 (Ga. L. 1958, pp. 61-81), declaring the establishment of the Stone Mountain Memorial and public recreation area to be for a public purpose, and authorizing the institution of condemnation proceedings by the State, acting through the proper officials above referred to, do not delegate to the officials named non-delegable legislative powers in violation of art. 3, sec. 1, par. 1 of the Constitution (Code, Ann., § 2-1301, which provides that the legislative power of the State shall be vested in a General Assembly, which shall consist of a Senate and House of Representatives. *Williamson* v. *Housing Authority of Augusta*, 186 *Ga.* 673 (4) (199 S. E. 43); *Sheffield* v. *State School Bldg. Authority*, 208 *Ga.* 575 (3) (68 S. E. 2d 590).

6. The provision of section 6 (b) of the Stone Mountain Memorial Association Act (Ga. L. 1958, p. 61), authorizing the Governor to convey, in behalf of the State, to the Association, Stone Mountain and the property adjacent thereto, or any interest therein, and any rights-of-way now or hereafter owned by the State, does not amount to devoting the property to a private purpose, since by section 3 of said act, the Association is created a body corporate and politic and instrumentality and public corporation of the State, to handle and manage the property for the State, the consideration for such conveyance being in part "the benefits flowing to the State and its citizens," the General Assembly having determined that it is advisable and to the best interest of this State and its citizens to acquire, develop, operate, and maintain Stone Mountain and property adjacent thereto as a Confederate Memorial and public recreation area. Article 4, sec. 2, par. 1 of the Constitution (Code, Ann., § 2-2501) provides that the exercise of the right of eminent domain shall never be abridged, nor so construed as to prevent the General Assembly from taking property for a public use. Code § 36-102 provides that it is the province of the legislature to judge of the exigencies requiring the exercise of this right, and Code § 36-103 provides that the legislature may exercise this right either directly through the officers of the State, through the medium of corporate bodies, or by means of individual enterprise.

7. Even if it should be held that negotiation and tender of compensation to the owner is a condition precedent to the exercise of the power of eminent domain under Chapter 36-11 of the Code, as to which question see *Hoch* v. *Candler,* 190 *Ga.* 390, 392 (9 S. E. 2d 622), the petition as amended alleges that the defendants and their counsel informed the plaintiff that they would not accept $65,000, which is alleged to be the fair and reasonable value of the property involved, if tendered, and the plaintiff would be relieved of making tender, if such was required, since equity will not require a useless formality. *Tolbert* v. *Short,* 150 *Ga.* 413, 414 (5) (104 S. E. 245) ; *Groover* v. *Brandon,* 200 *Ga.* 153 (5) (36 S. E. 2d 84).

8. The contention of the plaintiff in error that section 5 (b) of the Stone Mountain Memorial Association Act (Ga. L. 1958, p. 61) places an invalid limitation on the amount of an award in a condemnation proceeding, is without merit. That section fixes a maximum expenditure for land acquired by the Association only "if the same be acquired by purchase."

9. All other grounds of the demurrers and of the motion to dismiss not disposed of by the foregoing rulings have been carefully considered and are held to be without merit. The trial judge did not err in overruling them.

*Judgment affirmed. All the Justices concur.*

Submitted May 9, 1960—Decided June 9, 1960—
Rehearing denied June 28, 1960.

*James R. Venable, Essley B. Burdine, Margaret Hopkins,* for plaintiff in error.

*Tindall & Tindall, J. F. Kemp, Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, A. R. Barksdale, Wm. M. Mallet, Deputy Assistant Attorneys-General, Clarence Peeler, Jr., Geo. P. Dillard,* contra.