## 21544. STATE HIGHWAY DEPARTMENT v. McCURDY *et al.*

732

ARGUED FEBRUARY 13, 1962—DECIDED MARCH 8, 1962—
REHEARING DENIED MARCH 23, 1962.

*Eugene Cook, Attorney-General, Carter Goode, E. J. Summerour, Assistant Attorneys-General, George P. Dillard, Robert E. Mozley,* for plaintiff in error.

*Thomas O. Davis, Weekes & Candler,* contra.

MOBLEY, Justice. ■ It is now well settled by full-bench decisions of this court that general and special demurrers and other defensive pleadings may be filed by the condemnee in a condemnation proceeding in rem. *Martin v. Fulton County,* 213 Ga. 761 (101 SE2d 716); *Russell v. Venable,* 216 Ga. 137, 143 (4) (115 SE2d 103). In fact, the court has gone further and held that not only may he do so but he may not bring a separate proceeding to protect his rights where all of his rights can be asserted in the condemnation proceeding. See *Fulton County v. Aronson,* 216 Ga. 497 (117 SE2d 166) and *Johnson v. Fulton County,* 216 Ga. 498 (117 SE2d 155) and cases cited. Plaintiff in error contends that *Code Ann. Ch.* 36-11 specifically provides that this may be done while the act of 1961 does not. In our opinion section 8 of the act of 1961 which provides that "all questions of law arising upon the pleadings or in any other way arising from the cause . . . may be passed on by the presiding judge,"

contemplates the filing of defensive pleadings and authorizes the trial judge to pass thereon. Furthermore, the reasoning applied in the *Martin* case, supra, is applicable here because in that case a petition for condemnation in rem was brought against the land and this case is a like action, dissimilar only in that under the 1961 act a provision is made for a declaration of taking where none existed before. Separate equitable proceedings were necessary to contest condemnation proceedings brought under *Code Ann. Ch.* 36-3 because under those proceedings no petition of condemnation was filed, nor was there any petition to which demurrers and other defensive pleadings could be filed. The only question at issue in proceedings brought under that chapter was the value of the land. There is no merit in the contention of the Highway Department that "the proper remedy was not by general demurrer but by a bill in equity brought in the same proceeding."

■ While the demurrers attack the constitutionality of the act of 1961 (Ga. L. 1961, p. 517), under the opinion we entertain of this case, the constitutional questions are not reached. We are of the opinion that the court properly sustained the general demurrer to this petition because there is no valid declaration of taking as required by the act under which this proceeding was brought.

Section 1 of the act provides that the State of Georgia, and any division, department, or branch of the government of the State of Georgia desiring to take or damage private property for State-aid road purposes in pursuance of any law so authorizing, may, through any authorized representative, file a proceeding in rem condemning the same to the use of the petitioner upon payment of just and adequate compensation therefor.

Section 3 provides that in any such proceedings "the petitioner shall file a declaration of taking signed by the authority empowered by law to acquire the lands described in the petition, declaring that said lands are thereby taken for the use of the condemnor." Section 3 further provides that "upon the filing of said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the

said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the condemnor. . ."

*Code Ann.* § 95-1715 provides that the State Highway Department of Georgia is authorized to condemn and acquire rights of way for constructing State-aid roads. *Code Ann.* § 95-1724 provides that the State Highway Board, acting for and in behalf of the State, is authorized to condemn land for the use of the system of State highways. See *Elberton Southern Railway Co. v. State Highway Department,* 211 Ga. 838 (89 SE2d 645).

*Code Ann.* § 95-1605 provides that "the State Highway Board shall be charged with the general duties, management and control of the State Highway Department, State highways, the State highway system of roads and bridges, and the State highway funds, subject, however, to such delegation thereof as may by this chapter be given to and vested in the chairman of the State Highway Board." The declaration of taking in the instant case was signed by Eugene Cook, Attorney General; Carter Goode, Assistant Attorney General; E. J. Summerour, Assistant Attorney General; and George P. Dillard, Herbert O. Edwards, and Robert E. Mozley, County Attorneys DeKalb County. This is not in compliance with the requirement of section 3 of the act, quoted above, that the declaration of taking must be "signed by the authority empowered by law to acquire the lands described in the petition" of condemnation. The State Highway Department of Georgia is the authority empowered by law to acquire the property. *Code Ann.* § 95-1715. The State Highway Board is charged with the duties, management, and control of the State Highway Department of Georgia. *Code Ann.* § 95-1605. The members of that board must sign the declaration of taking to make it valid.

The exercise of the right of eminent domain is a legislative function. *Code Ann.* § 2-2501. The exercise of a legislative power delegated by the General Assembly must be in strict conformity with the statute conferring the authority. *Toomey v. Norwood Realty Co.,* 211 Ga. 814, 816 (89 SE2d 265). The method of procedure fixed by the statute must be strictly

736

followed. *Marist Society of Georgia v. City of Atlanta,* 212 Ga. 115, 118 (90 SE2d 564) and cases cited.

The Highway Department contends that a resolution adopted by the State Highway Board of Georgia and signed by the chairman and other members thereof authorized and directed the Attorney General of the State to acquire this property by condemnation and "to file in said matters . . . in the name of the State Highway Department of Georgia, the Declaration of Taking provided for in Section 3 of said act. . ." Should the signing of the declaration of taking be a duty which the State Highway Board can delegate to the Attorney General, which is not the case, this resolution would not be sufficient to confer that authority here, for the reason that the property to be condemned is not described in the resolution, and it is impossible to determine whether the property described in the declaration of taking is that referred to in the resolution. The trial court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. All the Justices concur.*