22424. STATE HIGHWAY DEPARTMENT v. SMITH et al.

ARGUED MARCH 9, 1964—DECIDED APRIL 9, 1964.

*Eugene Cook, Attorney General, E. J. Summerour, Richard L. Chambers, Assistant Attorneys General, Harry T. Lawrence, Deputy Assistant Attorney General,* for plaintiff in error.

*James B. Langford, Oscar M. Smith,* contra.

CANDLER, Justice. Art. I, Sec. III, Par. I of the Constitution

of 1945 was amended in 1960 (Ga. L. 1960, p. 1225). As amended it reads in pertinent part as follows: ". . . Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid, except that when private property is taken or damaged for public road and street purposes by the State and the counties and the municipalities of the State, just and adequate compensation therefor need not be paid until the same has been finally fixed and determined as provided by law, but such just and adequate compensation shall then be paid in preference to all other obligations except bonded indebtedness. The General Assembly may by law require the condemnor to make prepayment against adequate compensation as a condition precedent to the exercise of the right of eminent domain and provide for the disbursement of the same to the end that the rights and equities of the property owner, lien holders and the State and its subdivisions may be protected." *Code Ann.* § 2-301. An Act approved April 5, 1961 (Ga. L. 1961, p. 517) as amended by an Act approved October 8, 1962 (Ga. L. 1962, Sept. Sess., p. 37) and as further amended by an Act approved March 14, 1963 (Ga. L. 1963, p. 124) prescribes procedure for exercising the power of eminent domain in acquiring necessary rights of way and/or easements for public road purposes by the State of Georgia, or any division, department, or branch of the State government, or any county of the State. Pursuant to the provisions of the 1961 Act as amended, the State Highway Department, acting for and in behalf of the State of Georgia, filed a proceeding in rem to condemn and thus acquire fee simple title to a right of way for a described public road or highway in Gordon County. The petition named Wesley Smith and John L. Milam as the apparent or presumptive owners of a particular portion of such right of way. Attached to and made a part of the petition is a Declaration of Taking signed by the Attorney General of Georgia, two Assistant Attorneys General and by Harry T. Lawrence as Attorney for Gordon County which specifically describes the Smith-Milam part of such right of way. Exhibits attached to and made a part of such declaration of taking include (1) a certified copy of an order by the Director of the State Highway Department find-

ing that the circumstances were such that it was necessary to employ the procedure prescribed by the Act of 1961 as amended to acquire fee simple title to the desired right of way and specifically authorizing condemnation of it under the provisions of such amended Act and (2) a sworn copy of an appraiser's report showing $21,200 to be its estimated value of the Smith-Milam part of such right of way. The petition also alleges that such estimated value of the Smith-Milam tract was, simultaneously with the filing of the declaration of taking, deposited in the registry of the Superior Court of Gordon County for the use and benefit of those entitled thereto. The defendants Smith and Milam demurred to the petition, including the declaration of taking, on the grounds that no cause of action was alleged or shown thereby for the reason that the Act of 1961 as amended offends Art. I, Sec. I, Par. III of the Constitution of 1945 (*Code Ann.* § 2-103) which declares that "No person shall be deprived of life, liberty, or property, except by due process of law"; and Art. I, Sec. I, Par. II of the same Constitution (*Code Ann.* § 2-102) which provides that "Protection to person and property is the paramount duty of government, and shall be impartial and complete." The demurrers were sustained and the entire proceeding was dismissed. The exception is to that judgment.

1. The demurrers specifically assert that the Act of 1961 as amended is violative of the due process and the impartial and complete protection to person and property provisions of the Constitution of 1945 because (1) it allows or authorizes the condemnor to take private property for public road purposes before the owner thereof is afforded an opportunity to be heard as to the necessity for such taking and before he has any opportunity to oppose the taking of his property for such use; (2) it makes no provision for an impartial determination of the estimated value which the Act requires the condemnor to deposit in the registry of the court for the benefit of the owner, or any person having an interest therein at the time of taking his property or of the amount of compensation to be paid for his property prior to condemnation thereof; (3) it seeks to prevent the owner of property from raising any constitutional question concerning

its validity; (4) it authorizes the taking of private property for a public use by executive fiat without the order or judgment of any court; and (5) it is partial in favor of the State since it authorizes the condemnor to make an initial determination of the compensation.to be paid for the owner's property and places the burden and expense of obtaining a judicial determination of its value on the owner thereof. These attacks on the validity of the Act, as amended, will be considered and disposed of in the order of their statement.

(a) The power of eminent domain is an inherent attribute of sovereignty, and exists independently of constitutions and statutes. The State possesses the power as a sovereign and as a sovereign exerts it. The Constitution of 1945 emphatically declares that "The exercise of the right of eminent domain shall never be abridged, or so construed as to prevent the General Assembly from taking property and franchises, and subjecting them to public use." *Code Ann.* § 2-2501. The exercise of the right of eminent domain is a legislative function and the General Assembly may by law prescribe the procedure for taking private property for public uses. *State Hwy. Dept. v. McCurdy,* 217 Ga. 731 (124 SE2d 630). The right of eminent domain gives the legislature control of private property for the use of the public; provided just compensation be made to the owner therefor and all grantees of land from the State, and their assigns, hold it under this tacit agreement or implied understanding. *Young v. McKenzie,* 3 Ga. 31. And since the legislature cannot in every case supervise the condemnation of property for public use, it may confer the power to do so on agencies. *State Hwy. Department v. Hatcher,* 218 Ga. 299 (127 SE2d 803). When acting for and in behalf of the State, the Act of 1961, as amended, authorizes the State Highway Department to take private property for public road purposes and specifically empowers the Director of that department to ascertain and determine what property, or interest therein, is needed for such purposes; and since the necessity for taking private property for a public use is a legislative and not a judicial function, due process does not require notice to the owner nor an opportunity to be heard by him before such determination can be made.

*Code* §§ 36-101, 36-102, 36-103; *Savannah, F. &c. R. Co. v. Postal Telegraph Cable Co.,* 115 Ga. 554 (2) (42 SE 1) ; *Tift v. Atlantic C. L. R. Co.,* 161 Ga. 432 (4), 446 (131 SE 46). "The necessity or expediency of appropriating particular property for public use is not a matter of judicial cognizance, but one for the determination of the legislative branch of the Government; and this must obviously be so when the State takes for its own purposes." Adirondack R. Co. v. New York State, 176 U.S. 335 (20 SC 460, 44 LE 492).

The demurrers also attack the validity of the Act of 1961 as amended on the ground that it violates the due process and impartial and complete protection to person and property provisions of the Constitution of 1945 since it authorizes the taking of private property for public road purposes before the owner has notice or an apportunity to be heard in opposition to such taking. This position cannot be sustained. The right of eminent domain underlies and is therefore superior to all rights of private property, U.S. v. A Certain Tract or Parcel of Land in Chatham County, Ga., 44 FSupp. 712, and it is well settled by many decisions of the Supreme Court of the United States that neither notice nor an opportunity to be heard is prerequisite to the exercise of such power, provided only that the owner have an opportunity, in the course of the condemnation proceeding, to be heard and to offer evidence as to the value of the land taken. Bragg v. Weaver, 251 U.S. 57, 62 (40 SC 62, 64 LE 135) ; Joslin Mfg. Co. v. City of Providence, 262 U.S. 668, 677 (43 SC 684, 67 LE 1167) ; State of Georgia v. City of Chattanooga, 264 U.S. 472, 483 (44 SC 369, 68 LE 796) ; and Bailey v. Anderson, 326 U.S. 203 (66 SC 66, 90 LE 3). In the case of State of Georgia v. City of Chattanooga, supra, which involved a taking for public street purposes of property in the City of Chattanooga owned by the State of Georgia and before Georgia was afforded an opportunity to be heard in opposition to such taking, the court said: "Lack of opportunity to be heard before passage of an ordinance opening a street furnishes no ground of complaint, since the taking is a legislative and not a judicial function and an opportunity to be heard in advance need not be given." When the case just quoted from was decided in 1923, Art. I, Sec. XXI

of Tennessee's Constitution provided: "That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor."

And Bailey v. Anderson, supra, deals with the validity of § 1969j (4) of Virginia's Code of 1942 which authorizes its State Highway Commissioner to enter upon and construct a public highway on private property before the value of such property is ascertained and paid and before a proceeding is filed to condemn it. The court in that case upheld the validity of Virginia's statute as against an attack that it violated the Fourteenth Amendment to the Constitution of the United States and in doing so held (p. 205): "Its value may be fixed by viewers without a hearing, after entry upon the land, if their award is subject to a review in which a trial upon evidence may be had." Art. IV, Sec. LVIII of Virginia's Constitution which was of force and effect when the case last quoted from was decided in 1945 provides: "It [the General Assembly] shall not enact, any law whereby private property shall be taken or damaged for public uses, without just compensation, the term 'public uses' to be defined by the General Assembly."

(b) The 1960 amendment to Art. I, Sec. III, Par. I of the Constitution of 1945 (*Code Ann.* § 2-301) clearly authorizes the State, its counties, or its municipalities to take or damage private property for public road and street purposes without first paying just and adequate compensation therefor. However, it authorizes, but does not require, the General Assembly to provide for prepayment of an estimated amount against adequate compensation as a condition precedent to the exercise of the right of eminent domain and to provide for disbursement of the amount so prepaid to those entitled thereto. By this amendment payment of just and adequate compensation for private property which is taken or damaged for public road and street purposes is no longer required before it can be taken or damaged for such public uses. The aforementioned Act which the legislature passed in 1961, and subsequently amended, requires those authorized to take private property for public road and street purposes to file a petition in rem to condemn it and simultane-

ously with the filing of such petition and a declaration of taking to pay into the registry of the court for the benefit of those entitled thereto a sum of money it estimates to be the value of such property, which amount must be justified by the sworn statement of an appraiser. The Act provides that if the owner or any person having a claim against or interest in the property taken for such purposes is dissatisfied with the estimated value so ascertained and paid into the registry of the court, he has a right within a specified time to file with the court a written notice of appeal and on the filing of such notice of appeal, it shall be the duty of the court to cause an issue to be made and tried by a jury respecting the value of the property taken and consequential damages to property not taken, with the same right to move for a new trial and file a bill of exceptions as in other cases at law, the trial thus provided for being a de novo investigation as to the value of the property taken at which trial all interested parties have a right to introduce evidence. The Act also provides that such an appellant prior to a jury trial may file a verified petition with the judge of the court where such proceeding is pending for an interlocutory hearing on the issue of whether or not the estimated amount deposited in the registry of the court as just and adequate compensation is sufficient; that when such a petition is filed, it is the duty of the court to refer the question of value to a special master who shall be selected and appointed by him under the provisions of Ga. L. 1957, p. 387 et seq.; and that such special master, after a personal inspection of the property and the examination of specified documents, shall determine whether or not the condemnor should be required to deposit any additional amount as estimated compensation for the property taken; that the special master shall within 10 days from the date of such reference make an interlocutory award based on his findings as to the value of the property taken and on the approval of such temporary award by the judge, the condemnor must within 15 days thereafter pay into the registry of the court any additional amount required to be paid by such approved interlocutory award. The Act provides for the payment of the initial deposit, any amount determined by the special master's interlocutory award and the

amount ultimately fixed by the jury to those entitled thereto with interest at 7% from the date of the taking without commissions or poundage, but no interest shall be allowed on the amount or amounts previously paid into the registry of the court.

We therefore hold the procedure prescribed by the Act of 1961, as amended, makes ample provision for a determination of just and adequate compensation of property taken for public road purposes and payment thereof as required by the 1960 amendment to Art. I, Sec. III, Par. I of the Constitution of 1945; and since it does, there is no merit in the contention that it does for this reason offend the due process and impartial and complete protection to person and property provisions of the same Constitution.

(c)  The 1961 Act as amended authorizes the Attorney General of Georgia or his Assistant Attorneys General, after the Director of the State Highway Department has found that there is a necessity for the acquisition of certain lands for public road purposes and has ordered the Attorney General to acquire fee simple title thereto for such use or some lesser interest therein to file a declaration of taking together with a petition in rem to condemn such property and the Act as amended provides that no judgment of any court, nor order or ruling of the judge thereof shall be necessary to give effect to the declaration of taking but the same shall be self-executing.  However, the amended Act provides that after the petition in rem and the declaration of taking have been filed, the court shall issue a rule nisi and cause it, together with a copy of the petition and declaration of taking, to be served on the owner and any other person having an interest in or claim against such property fixing a date which cannot be later than 60 days after service thereof when possession of the land involved must be surrendered to the condemnor.  The amended Act also provides that the declaration of taking may be vacated and set aside in the condemnation proceeding of which it is a part within a specified time by any person owning or having an interest in the property either for fraud, bad faith or any abuse or misuse of the powers conferred thereby and it has been held in several cases by the Federal courts that when a declaration of taking is effected with fraud or bad faith, it is

a nullity and ineffective to vest title. See U.S. v. 72 Acres of Land, Etc., City of Oakland, Alameda County, Calif., 37 FSupp. 297, 300 (9); s.c. 124 F2d 959, 962 (1) and the several cases there cited; and Garrow v. U. S., 131 F2d 724, 726 (4). The amended Act also confers on the condemnee the right to raise by proper pleadings any other question arising from the cause and have it heard and passed on by the court in the pending condemnation proceeding. See *State Hwy. Dept. v. McCurdy*, 217 Ga. 731, supra.

While the amended Act provides for the payment of the estimated value for property taken for public road uses and for the right to have that amount increased by a special master if it is found by him to be insufficient compensation, it nevertheless provides for the ultimate fixing of just and adequate compensation by a jury and a judgment thereon as to the value of the property so taken—the jury hearing being a de novo trial as to its value where all interested parties have a right to introduce evidence and be heard. It is here contended that the Act as amended violates the due process and impartial and complete protection to person and property provisions of Georgia's Constitution because it authorizes the taking of private property for public road purposes by executive fiat without the judgment of any court. This contention is not tenable. As previously pointed out in this opinion, an exercise of the right of eminent domain is a legislative and not a judicial function; and since it is, the General Assembly has the right to prescribe the procedure by which it may be exercised, which must, of course, afford due process of law. Our Act of 1961 as amended is in all material respects like the Federal statute (40 U.S.C.A. § 258a) designed for the same purpose, the validity of which has been repeatedly upheld against similar constitutional attacks.

(d) That provision in the Constitution of 1945 which declares that protection to person and property shall be impartial and complete is the equivalent of a declaration that no person shall be denied the equal protection of the laws. Our examination of the Act of 1961 as amended convinces us that its provisions amply provide equal protection both to the owner of private property and to those authorized thereunder to take it for public

road purposes and provides procedure for impartially ascertaining and determining just and adequate compensation to be paid for property taken for public road or highway purposes. Hence, there is no merit in the contention that impartial and complete protection to person and property of the owner of property taken for such public use is denied thereby.

2. For the reasons stated above, the petition together with the declaration of taking stated a cause of action and the court erred in dismissing it on demurrers which assail the validity of the Act of 1961 as subsequently amended on the grounds that it offends the due process and the impartial and complete protection to person and property provisions of the Constitution of 1945.

*Judgment reversed. All the Justices concur. Duckworth, C. J., concurs in the judgment but not in all that is said in the opinion.*