23388. JOHNSTON v. CLAYTON COUNTY WATER AUTHORITY.

Argued March 15, 1966—Decided April 7, 1966.

*Wallace, Wallace & Driebe, Charles J. Driebe, Albert B. Wallace,* for appellant.

*Edwin S. Kemp, Kemp & Watson, John L. Watson, Jr.,* for appellee.

COOK, Justice. O. Edgar Johnston, Jr., filed an action against the Clayton County Water Authority, seeking to restrain and enjoin it from entering upon described land of the petitioner, attempting to acquire the land of the petitioner for sewerage purposes, and interfering with the petitioner's right of uninterrupted use of the premises. The petition asserted that: The defendant is attempting to exercise the right of eminent domain

under authority alleged to have been conferred on it by Ga. L. 1955, pp. 3344-3351, creating the Clayton County Water Authority. All efforts of the defendant to acquire the property by condemnation are a nullity because the defendant is totally without authority to exercise the right of eminent domain; and the attempted exercise thereof is not for the purpose of serving the general public, but solely to serve two adjacent landowners.

A temporary restraining order was granted. On the interlocutory hearing on December 13, 1965, the defendant contended that the petitioner was estopped from urging the restraint sought by the petition because in condemnation proceedings instituted under *Code* § 36-301 et seq. the petitioner selected an assessor, the two selected by the parties selected a third assessor, and on December 9, 1965, the award of the assessors was made. The plea of estoppel was overruled by the trial judge. After the introduction of evidence by both parties, the judge dissolved the temporary restraining order and denied the interlocutory injunction. The appeal is from that judgment.

■ The appellee contends that the petitioner is estopped from seeking equitable relief because he did not protest the efforts of the appellee to exercise the right of eminent domain in the condemnation proceedings. The appellee has apparently failed to distinguish the rulings of this court pertaining to condemnation proceedings under *Code Chs.* 36-3 through 36-6, wherein the sole power of the assessors relates to the value of the property taken, from the rulings in cases such as *Fulton County v. Aronson*, 216 Ga. 497 (117 SE2d 166), dealing with condemnation proceedings under statutes which provide for a determination of all issues between the parties in the condemnation proceedings. See *City of Carrollton v. Walker*, 215 Ga. 505, 510 (111 SE2d 79); *Russell v. Venable*, 216 Ga. 137 (4) (115 SE2d 103); *State Hwy. Dept. v. McCurdy*, 217 Ga. 731, 734 (124 SE2d 630).

The question of estoppel by participation in condemnation proceedings under *Code* § 36-301 et seq. has been dealt with by this court in two decisions, neither of which is by a unanimous court, in which divergent rulings were made. In *Georgia Power Co. v. Fountain*, 207 Ga. 361 (61 SE2d 454), with three Justices concurring generally and one Justice concurring specially, this

court held that a condemnee participating in condemnation proceedings under *Code* § 36-301 et seq. is estopped from prosecuting an injunctive action seeking to prevent the taking of the property. In *Williams v. City of LaGrange,* 213 Ga. 241 (98 SE2d 617), concurred in by five Justices, this court held that where a property owner participates in proceedings under *Code* § 36-301 et seq., but refuses to take the award of the assessors, and where "the property owner acted promptly after the award of the assessors was made by filing his petition in equity, alleging that the condemnor was proceeding illegally and had no right to condemn, and sought to enjoin the entering upon or taking possession of his property," the property owner was not estopped from contesting the validity of the condemnation proceedings. We think the latter decision, *Williams v. City of LaGrange,* supra, correctly decided the question of estoppel, and we affirm that decision.

■ It is contended by the appellant that the Clayton County Water Authority has not been granted the right of eminent domain. The Act creating the Clayton County Water Authority (Ga. L. 1955, pp. 3344-3351), as amended (Ga. L. 1961, pp. 3130-3132), does not give the authority the right of eminent domain. The 1955 Act gives the authority the power to build and maintain a water system and a sewerage system, and to issue revenue anticipation certificates for these purposes.

The Revenue Certificate Law of 1937 (Ga. L. 1937, pp. 761-774), gave the power to any "municipality," as defined by the terms of that Act, to "acquire by gift, purchase, or the exercise of the right of eminent domain, to construct, to reconstruct, to improve, to better, and to extend any undertaking wholly within or wholly without the municipality, or partially within and partially without the municipality; and to acquire by gift, purchase, or the exercise of the right of eminent domain, lands, easements, rights in lands, and water rights in connection therewith; . . ." *Code Ann.* § 87-803. By amendment (Ga. L. 1951, pp. 46-47) the definition of the term "municipality" was enlarged to include "State and local public authorities having corporate powers which have been or may hereafter be created by general, local or special Act of the General Assembly," and

such authorities "are fully empowered to issue revenue-anticipation certificates and to operate under the Revenue Certificate Law of 1937 as amended in the same manner and to the same extent as counties, cities, or towns of the State are authorized to do." *Code Ann.* § 87-802 (b). The term "undertaking" under the Revenue Certificate Law of 1937 includes sewerage systems. *Code Ann.* § 87-802 (a). The Constitution, Art. VII, Sec. VII, Par. V (*Code Ann.* § 2-6005) authorizes the issuance of revenue-anticipation obligations.

In *Chestatee Pyrites Co. v. Cavenders Creek Gold Mining Co.,* 119 Ga. 354, 355 (46 SE 422), it was held that the power of eminent domain "may be conferred either by a special act creating the corporation or by general acts relating to all corporations of designated classes." See also *Hagans v. Excelsior Electric Membership Corp.,* 207 Ga. 53 (3) (60 SE2d 162). The Revenue Certificate Law of 1937, as amended, gives the power of eminent domain to authorities such as the Clayton County Water Authority, duly created by Act of the General Assembly, and there is no merit in the assertion that the condemnation of an easement over the appellant's land proceeded illegally because the appellee is without authority to exercise the right of eminent domain.

■ It is contended by the appellant that the appellee abused its discretion in attempting to condemn an easement across the appellant's land because the location of the sewer line across his property is not for the purpose of serving the general public, but solely to serve two adjacent landowners. Sections 1 and 9 of the Act creating the Clayton County Water Authority empowered it to provide sewerage facilities to "individuals, private concerns, governmental agencies and municipalities and counties of this State." Ga. L. 1955, pp. 3344, 3345, 3348. The evidence did not show that the Clayton County Water Authority abused its discretion in locating the sewer line across the appellant's property to serve two adjacent property owners. Compare *Hagans v. Excelsior Electric Membership Corp.,* 207 Ga. 53 (5a), supra.

The trial judge did not err in denying the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*