## 51797. DEPARTMENT OF TRANSPORTATION v. LURIE et al.

DEEN, Presiding Judge.

This appeal from the denial of partial summary judgment in a condemnation case involves only the construction of the following language in the deed conveying the property to defendant Lurie: "Grantee agrees that should the Georgia State Highway Department . . . demand within five years . . . right-of-way over the said property for Highway I-75, such right-of-way, not to exceed 400 feet in width, shall be granted . . . at the same average cost on a per acre basis as the Georgia State Highway Department paid for the right-of-way of I-75 located southeast of Georgia Route 140. . . Both grantors and grantee recognize the Georgia State Highway Department as a third party beneficiary to the aforesaid purchase option agreement with full rights to enforce this provision against grantee and his heirs, successors and assigns."

Thereafter, within the period limited and without so far as this record shows making prior demand, in accordance with contract provisions the condemnor filed its petition and declaration of taking pursuant to Code Ann. § 95A-603 et seq. (Ga. L. 1973, pp. 947, 1009), paid into court the amount estimated as just and adequate compensation, thus vesting title in itself. Code Ann. § 95A-605(b). It then moved for summary judgment on the ground that, at least as to a strip of land across condemnees' property 400 feet in width, compensation was limited to the average price as set out in the formula, amounting to $558.84 per acre. In point of fact the land taken was a strip across the condemnees' property

varying between 438 and 840 feet in width, averaging 677.5 feet wide.

We agree with the trial court that the condemnor was not entitled to claim value under the deed covenant as to a strip within the land taken up to a width of 400 feet, and to have summary judgment as to this segment of the condemned real estate. Two reasons, either sufficient in itself, urge this conclusion:

1. In the first place the grantee agreed to sell at the agreed price formula the strip to the condemnor *on demand* and *not to exceed 400 feet in width*. Such a covenant has many of the attributes of an option. Cf. *Haygood v. Duncan*, 205 Ga. 818 (55 SE2d 220). An option is no more than an offer to sell, not a contract of sale. *Hughes v. Holliday*, 149 Ga. 147 (99 SE 301). An offer to sell a ten-acre tract, for example, would not support an acceptance as to only half of the tract, nor would it give the proposed purchaser any right to insist on the sale of a twenty-acre tract. The covenant contained a description of the land to be sold as a strip not exceeding 400 feet in width, and such an offer would not be accepted under the terms of a counter-offer to purchase a larger tract, even though it embraced the smaller one.

2. Secondly, not only was no demand made by the governmental agency (a condition precedent under the terms of the deed covenant) but there was a proceeding on its part by condemnation which amounted to an election. Upon the filing of the petition, title vested immediately in the condemnor. *State Hwy. Dept. v. Smith*, 219 Ga. 800 (136 SE2d 334). Where condemnation is sought, constitutional standards demand the payment of just and adequate compensation, and the condemnee is entitled if he sees fit to a jury determination of value, both of the property taken and compensation for any damages to that remaining. To enforce an option as to a part of the property condemned, with the terms of which the condemnor never sought to comply, would be to inject into the condemnation proceeding issues of contract law which have no application, and therefore as stated in the trial judge's order upon the trial of the case the provisions of purchase option agreement contained in the deed discussed above would not be admissible as evidence

because said provision would be immaterial and irrelevant.

The trial court properly denied the condemnor's motion for summary judgment.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

ARGUED FEBRUARY 4, 1976 — DECIDED FEBRUARY 16, 1976 — REHEARING DENIED MARCH 8, 1976 —

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Warren Akin, William C. Joy,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, White & Crane, Jere White, John L. Taylor, Jr.,* for appellees.